# EXHIBIT 1

Filed
File Date: 2/22/2022 12:42 PM
Rockingham Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                                                    SUPERIOR COURT

MONARCH AIR GROUP, LLC
and JACOB GITMAN

v.

PATRICK L. SIMPSON

Docket No.: 218-2022-CV-00120

## COMPLAINT

1. Plaintiffs Monarch Air Group, LLC ("Monarch") and Jacob Gitman ("Gitman") complain against defendant Patrick L. Simpson ("Defendant") for defamation.

### Parties

2. Monarch is a Florida limited liability company with a principal place of business located at 610 SW 34th St. # 307, Fort Lauderdale, Florida.

3. Gitman is a Florida resident with a business address of 610 SW 34th St. # 307, Fort Lauderdale, Florida.

4. Simpson is a New Hampshire resident with a home address of 10 Timberlane Road, Plaistow, New Hampshire.

### Jurisdiction and Venue

5. The Court has jurisdiction pursuant to RSA 491:7.

6. Venue is proper in Rockingham County pursuant to RSA 507:9.

### Facts

7. Gitman is a private citizen and not a public figure or a limited public figure.

8. Monarch is a private company and not a public figure or a limited public figure.

9. At all relevant times, Gitman was a minority shareholder of Monarch.

10. Simpson is a purported investigative journalist who publishes articles on a website called The Stern Facts.

11. The Stern Facts is accessible worldwide, including in New Hampshire, at thesternfacts.com.

12. According to The Stern Facts, it publishes articles about "[i]nvestigative news journalism" and "fact-based political reports." *See* https://thesternfacts.com/about (last accessed February 18, 2022).

13. Simpson's profile linked to The Stern Facts shows that he has at least 265 followers.

14. On March 14, 2019, Simpson published on The Stern Facts an article that he wrote that is entitled: *Under Trump, Witness Protection has been infiltrated by the Russian Mafia* (the "Simpson Article").

15. A true and accurate copy of the Simpson Article is attached hereto as **Exhibit 1** and incorporated herein as if restated in full.

16. The Simpson Article continues to be published at https://thesternfacts.com/under-trump-witness-protection-has-been-infiltrated-by-the-russian-mafia-f6e4825f10a5 (last accessed February 18, 2022).

17. The Simpson Article is replete with false statements and implications, the gist and sting of which are defamatory to, and of and concerning, Monarch and Gitman because the gist and sting of the Simpson Article falsely states and/or implies that Monarch and Gitman are criminals who operate as a front for the Russian mob.

2

18. The Simpson Article has received at least four hundred and seventy (470) positive reviews known as "claps" from at least forty-five readers.

19. The Simpson Article falsely states and/or implies that "Monarch Air is allegedly a Russian mob front."

20. The Simpson Article falsely states and/or implies that "according to … judges in multiple states, Monarch Air is allegedly a Russian mob front."

21. The Simpson Article falsely states and/or implies that Monarch "operates as a front for the Russian mob".

22. The Simpson Article falsely states and/or implies that Monarch and Gitman have "infiltrated" the Department of Justice and its Witness Protection Program.

23. The Simpson Article falsely states and/or implies that Monarch obtained a contract with the federal government through connections to Donald Trump.

24. The Simpson Article falsely states and/or implies that "Monarch Air was able to sign two major Witness Security contracts with the DOJ while being tied to the Russian Mob".

25. The Simpson Article falsely states and/or implies that "Jacob Gitman, though a Brazilian InvestmentCompany 'Prudent Investimentos' purchased 200 million in the fake debt portfolios".

26. Each of the foregoing statements and/or implications were published to readers worldwide, including in New Hampshire, and including to Simpson's followers and those that "clapped" in approval of the Simpson Article, as such recipients reasonably understood the defamatory nature of the false statements.

27. Each of the foregoing statements and/or implications are false.

28. Each of the foregoing statements and/or implications are of and concerning Monarch and/or Gitman.

29. Each of the foregoing statements and/or implications are unprivileged.

30. To the extent that Simpson purports to be a member of the media, upon information and belief, Simpson intentionally prepared the Simpson Article with actual knowledge of falsity and/or without reasonable care including because Simpson never sought to fact-check the Simpson Article by seeking to confirm its statements with Monarch and/or Gitman and/or any individual and/or entity with actual knowledge of the facts alleged and/or implied to be true by Simpson and instead simply relied on untrustworthy "internet research".

31. To the extent that Simpson purports to be a member of the media, upon information and belief, Simpson intentionally published the Simpson Article with actual knowledge of falsity and/or without reasonable care including because Simpson never sought to fact-check the Simpson Article by seeking to confirm its statements with Monarch and/or Gitman and/or any individual and/or entity with actual knowledge of the facts alleged and/or implied to be true by Simpson and instead simply relied on untrustworthy "internet research".

32. To the extent that Simpson purports to be a member of the media, upon information and belief, Simpson published the Simpson Article without reasonable care including because Simpson never sought to fact-check the Simpson Article by seeking to confirm its statements with Monarch and/or Gitman and instead simply relied on untrustworthy "internet research".

33. Each of the foregoing statements and implications of and concerning Monarch and/or Gitman are defamatory per se because they falsely accuse Monarch and/or Gitman of crimes.

34. Each of the foregoing statements and implications of and concerning Monarch and/or Gitman are defamatory per se to Monarch and/or Gitman because they are injurious to Plaintiffs in their trade and/or business.

## Count I
## Defamation per se
## Monarch v. Simpson

35. Plaintiffs reallege and incorporate as if restated in full all foregoing allegations.

36. By the facts alleged herein, Simpson intentionally or without reasonable care communicated or published defamatory statements, of or concerning Monarch, to third parties who understood their defamatory meaning.

37. By the facts alleged herein, Simpson prepared or made defamatory statements without reasonable care as to whether the statements were true or false.

38. By the facts alleged herein, the statements published by Simpson about Monarch were false.

39. By the facts alleged herein, Monarch has suffered per se damages.

40. By the facts alleged herein, Monarch has suffered actual harm or injury, such as impairment of reputation and standing in the community, humiliation, anguish and suffering.

## Count II
## Defamation per se
## Gitman v. Simpson

41. Plaintiffs reallege and incorporate as if restated in full all foregoing allegations.

42. By the facts alleged herein, Simpson intentionally or without reasonable care communicated or published defamatory statements, of or concerning Gitman, to third parties who understood their defamatory meaning.

43. By the facts alleged herein, Simpson prepared or made defamatory statements without reasonable care as to whether the statements were true or false.

44. By the facts alleged herein, Gitman has suffered per se damages.

45. By the facts alleged herein, Monarch has suffered actual harm or injury, such as impairment of reputation and standing in the community, humiliation, anguish and suffering.

### COUNT III
### Liberal Compensatory Damages
### Plaintiffs v. Simpson

46. Plaintiffs reallege and incorporate as if restated in full all foregoing allegations.

47. By the facts alleged herein, Simpson has acted with ill will, hatred, hostility or evil motive in publishing the defamatory statements.

### Requests for Relief

48. Wherefore, Plaintiffs respectfully request that the Court:

   A. Order a trial on all issues so triable by a jury;

   B. Enter judgment on all claims in favor of Plaintiffs;

   C. Award to Plaintiffs all damages to which they are entitled;

   D. Award to Plaintiffs their costs and reasonable attorney's fees; and

   E. Grant such further relief as is necessary and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | On behalf of Plaintiffs, |
|  | By their Attorneys, |
|  | SHAHEEN & GORDON, P. A. |
| Dated: February 22, 2022 | /s/ *Timothy J. McLaughlin*<br>Timothy J. McLaughlin (NH Bar # 19570)<br>107 Storrs Street<br>P. O. Box 2703<br>Concord, NH 03302<br>(603) 225-7262<br>tmclaughlin@shaheengordon.com |