**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(FT. LAUDERDALE DIVISION)
Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC, and
JACOB GITMAN,

     Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

     Defendant.

                               /

**PLAINTIFF'S RESPONSE TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY OF**
<u>**CONFIDENTIAL INFORMATION**</u>

COMES NOW the Plaintiffs, Sinai Holdings, LLC, and Jacob Gitman, by and through their undersigned counsel, and herby files their response to Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order [DE 56] as follows:

This matter involves defamatory conduct by Defendant Chase publishing *false statements about Plaintiff being subject to OFAC investigations and sanctions* to a global audience of anyone trying to conduct business with Plaintiff. After Plaintiff issued their first round of document production, Chase filed a Motion for a Protective Order [DE 56] seeking the entry of an overbroad, *umbrella-like* Confidentiality Order governing all discovery in this matter, including documents that are patently not confidential. Nonetheless, in a good faith effort to resolve this confidentiality dispute, Plaintiff reached out to Chase and requested they identify which documents they believed were confidential, i.e. internal policies and procedures or SARs related documents, in an attempt to agree on a narrowly tailored confidentiality structure, to no avail. Instead, Defendants filed this Motion for Protective Order seeking a total and complete umbrella governing the entirety of discovery.

## Legal Standard

Under Federal Rule of Civil Procedure 26(c)(1), "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (1). The burden of proof as to the confidential nature of the discovery sought is on the party seeking a protective order to show good cause. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).  Similarly, the burden of showing the confidentiality of a document or group of documents is on the party seeking protection. *Cipollone v. Liggett Group Inc.,* 785 F.2d 1108, 1122 (3d Cir. 1986).  "'Good cause' is a well-established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown).

To establish good cause, a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements must be provided. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011); *See also Gulf Oil v. Bernard,* 452 U.S. 89, 102 n. 16 (1981) (quoting 8 Federal Practice and Procedure § 2035 (C. Wright & A. Miller 1970)).  This Court has identified four factors for ascertaining the existence of good cause, which include: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). In addition to requiring good cause, the district court must "balance the interests of those requesting the order." *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989).

The party must show that the protective order is necessary to avoid a significant harm, and broad, general allegations of potential harm are insufficient. *See Frazier v. Southeastern Penn. Transp. Auth.,* 161 F.R.D. 309 (E.D. Pa. 1995) (plaintiff who sought protective order to prevent deposition of her attorney was required to establish undue burden and oppression). It is insufficient to simply claim that public disclosure of claimed confidential information would harm a party. *See Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546 (N.D. Ind. 1991) (stating that "the defendant must specifically identify the potentially embarrassing information… and clearly define the serious harm likely to result from public disclosure"). Rather, the party seeking non-disclosure must specifically identify the potentially embarrassing information and define the serious harm likely to result from public disclosure. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994). *Cipollone v. Liggett Group, Inc.,* 113 F.R.D. 86, (D. N.J. 1986); *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 (N.D. Ga. 1980).

## Argument

**Defendants' Motion for Protective Order seeking the entry of an umbrella Confidentiality Order on all discovery must be denied as it is overbroad and fails to establish Good Cause or identify any harm to Chase.**

Defendants' Motion for Protective Order must be denied as it is overbroad and fails to establish good cause or identify any harm that may occur to them without the entry of an umbrella confidentiality order. Chase fails to identify any harm that may occur to them with the disclosure and production of documents in discovery without the requested confidentiality Order in place. To the contrary, *Plaintiff stands to be extremely prejudiced and harmed* with the entry of such an order. Defendant has defamed Plaintiffs and has made public the facts giving rise to the claims in this matter. Defendant published *false statements about Plaintiff being subject to OFAC investigations and sanctions* to a global audience of anyone trying to conduct business with

Plaintiff, including communications through Bank SWIFT-messaging services and email communications with their customers. To say that Plaintiff can show everyone that these extreme statements accusing Plaintiff of the worst global crimes are false by keeping everything hidden from everyone's view is non-sensical, unjust and severely prejudicial.  Defendant should not get the benefit of protecting its documents. Unlike a trade secret or patent protection case, the documents in this matter do not warrant an overbroad and umbrella confidentiality order.  Plaintiff has been publicly defamed and is not seeking confidential trade secrets, nor is Plaintiff even remotely or potentially causing Defendant annoyance, embarrassment, oppression, or undue burden or expense.

Moreover, even if the Defendant would truly be harmed, it is Chase's burden to prove said harm with specificity, rather than shifting the burden to Plaintiff to determine the confidential nature of each document requested.  Further, the 11th Circuit has clarified that a protective order must be made under good cause.  In addition to bearing the burden of establishing good cause, the Defendant must also make a specific demonstration of facts that are distinguished from stereotyped and conclusory statements. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331. In contrast, the Defendant has generalized Plaintiffs discovery requests as to seek "a wide range" of confidential materials and concluded that such information would be "[the] kind of sensitive personal and commercial information that is routinely protected by federal courts".  However, Defendant has failed to specify and establish good cause for such extreme protections and therefore fail to meet either their burdens to prove good cause, as seen as element [2] in the four part good cause test in *Alexander*, or let alone establish good cause with specificity as to facts distinguished from general and conclusory statements. (*See* Exhibit "2"). Additionally, pursuant to *Alexander*, the first element of the standard in determining good cause, is for the Defendants to show the severity and the

4

likelihood of the perceived harm; however, the Defendants here have merely alluded to the non-sensical and unjust idea to classify all requested information as "Confidential."  For these reasons, Plaintiffs respectfully request the Court to deny the Defendant's Motion for Protective Order Governing Discovery of Confidential Information due in its entirety.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on October 21, 2024, on all parties and counsel of record: JONES DAY 600 Brickell Ave., Suite 3300, Miami, FL, 33131, Eliot Pedrosa, Esq., epedrosa@jonesday.com; Taylor Cavaliere, Esq., tcavaliere@jonesday.com.
Dated: October 21, 2024

Respectfully submitted,

SCHLESINGER LAW OFFICES, P.A.
1212 Southeast 3rd Avenue
Fort Lauderdale, Florida  33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
SLOPA.Service@Schlesingerlaw.com

*/s/David Silverman*
DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com
*Attorneys for Plaintiffs*