**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(FT. LAUDERDALE DIVISION)

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

  Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

  Defendant.
_____/

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER GOVERNING**
**DISCOVERY OF CONFIDENTIAL INFORMATION**

  Defendant submits the following Reply in support of its Motion for Protective Order (Doc. 56) ("Motion") and in response to Plaintiffs' Opposition (Doc. 60). As set forth in its Motion, while Chase has a legitimate interest in preventing disclosure of confidential sensitive personal and business information to persons extraneous to the litigation, Plaintiffs have no legitimate need to disclose that information to Defendant's competitors or the general public. Good cause exists to issue the requested Protective Order.

**I. Entry of a Protective Order is Standard in Complex Civil Litigation**

  Plaintiffs argue that a protective order should not be entered because Defendants have "alluded to the non-sensical and unjust idea to classify all requested information as 'Confidential.'" Plaintiffs' apparent concern that the Protective Order will allow Chase to improperly designate documents as confidential is unfounded and a red herring—the protective order proposed by Chase specifically outlines a procedure whereby a party may challenge confidentiality designations. Thus, to the extent Plaintiffs later believe—upon actual review of produced documents—that any designations are overbroad, the entry of the proposed protective order provides a mechanism for

1

addressing such disputes at the appropriate time. In the interim, entry of the proposed Protective Order is appropriate in light of the myriad Requests for Production that seek confidential and proprietary information from Chase concerning its internal policies and governance procedures, communications between Chase and its customers, and documents concerning its internal decision-making regarding transactions with Plaintiffs. Mot. at 2.

Indeed, as explained in the Manual on Complex Litigation, and as set forth in Chase's Motion, protective orders governing confidential information are not only ubiquitous, but also frequently expedite discovery. Doc. No. 56 (Mot.) at 3. It is thus not surprising that the kind of sensitive and commercial information at issue in this matter is routinely protected by federal courts, including through entry of an umbrella protective order like the one proposed by Defendant. Mot. at 4-5.[1] *See also Sony Computer Entm't Am., Inc. v. Nasa Electronics Corp.*, 249 F.R.D. 378, 381 (S.D. Fla. 2008) (Simonton, M.J.) ("Court has broad authority to fashion a protective order that serves the interests of the parties and the administration of justice"). This case should be no exception.

In an effort to present support for the claim that Defendant has failed to make a specific showing of good cause for the proposed Protective Order, Plaintiffs cite *Ekokotu v. Fed. Exp.*, 408 Fed. App'x 331 (11th Cir. 2001). But even a cursory review of that decision confirms its irrelevance to this dispute—there, Mr. Ekokotu sought to seal a videotaped deposition, but made no attempt to demonstrate *any* good cause for doing so. *Id.* at 334, 336. In clear contrast, Chase

---

[1] Plaintiffs appear to suggest that a protective order is only appropriate to protect "potentially embarrassing information." Opp. at 3. Not so. Protective orders are regularly entered where, as here, a party seeks to protect disclosure of "business strategy, commercial sensitive transactional, . . . business strategy, and otherwise non-public and proprietary information." *CRubin LLC v. Escoriaza*, No. 19-cv-22261-BLOOM/Louis, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020).

has provided specific examples of confidential documents sought by Plaintiffs that justify entry of a protective order governing confidential information. Mot. at 2.[2]

**II. Defendants Need Not Demonstrate "Good Cause" As to Each Individual Document**

Plaintiffs' opposition to the protective order also appears to misapprehend the requirements of Fed. R. Civ. P. 26(c). Despite purporting to rely on *In re Alexander*, Plaintiffs request that the Court apply a more stringent standard for "good cause" than that set forth in *Alexander*. In *Alexander*, good cause was found because "[t]he order was intended to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material deemed worthy of protection." 820 F.2d at 356. Yet, Plaintiffs' proposal would seemingly require Chase to move individually on every single document meriting confidentiality protection. Not only would that grind discovery to a standstill, it would also expose Plaintiffs' own sensitive financial information—including their account numbers, balances, and Jacob Gitman's personal identifying information—to the public.

The absurdity of Plaintiffs' position, and the harm it would do to their own interests were the Court to adopt it, is self-evident. Still, Plaintiffs seem to suggest that a particularized showing of good cause for every single document is required. Opp. at 4. Not so. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001) (umbrella protective order "postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged."); *Minter v. Wells Fargo Bank, N.A.*, Civ. No. WMN-07-3442, 2010 U.S. Dist. LEXIS 136006, at *5 (D. Md. Dec. 23, 2010) (umbrella protective orders allow parties "to temporarily enjoy the protection of Rule 26(c) by rendering all discovery

---

[2] Plaintiffs' other cited cases are similarly inapposite. *In re Alexander*, for instance, involved a completely different context and refers to four factors considered by courts in determining whether it would be a prior restraint of speech to deny the press access to discovery materials when a claim is brought for press access to judicial records. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-56 (11th Cir. 1987).

3

documents designated in good faith confidential until challenged" by the opposing party). *See also* Manual for Complex Litigation, Fourth § 11.432, at 65 (a protective order need only identify the categories of information to be deemed confidential). The Court should reject Plaintiffs' position for what it is—a litigation tactic designed to multiply the costs and burdens of this proceeding for harassment value.

As explained in Chase's opening brief, Plaintiffs previously agreed that a protective order is appropriate, indicating as much the parties' Joint Scheduling Report: "The Parties agree that the entry of a protective order will be needed to facilitate the production of confidential information . . ." The Court should hold Plaintiffs to their prior, reasonable agreement. The protective order Chase now seeks is *identical* to the order entered in a substantially similar case brought by the same attorneys on behalf of related parties. Mot. at 1. The same order should be entered in this case.

## CONCLUSION

For the reasons set forth above, Chase respectfully requests that this Court enter the proposed protective order.

| | |
|---|---|
| Date:  October 30, 2024 | Respectfully submitted, |
| | |
| Anthony J. Dick (*pro hac vice*) | /s/ *Eliot Pedrosa* |
| JONES DAY | Eliot Pedrosa, Esq. |
| 51 Louisiana Ave. NW | Fla. Bar No. 182443 |
| Washington, DC 20001-2113 | Taylor Cavaliere, Esq. |
| Telephone: 202-879-3939 | Fla. Bar No. 1040247 |
| Facsimile: 202-626-1700 | JONES DAY |
| Email: ajdick@jonesday.com | 600 Brickell Ave, Suite 3300 |
| | Miami, FL 33131 |
| Andrew J. Clopton (*pro hac vice*) | Telephone: (305) 714-9700 |
| JONES DAY | Facsimile: (305) 713-9799 |
| 150 West Jefferson, Suite 2100 | Email: epedrosa@jonesday.com |
| Detroit, MI 48226-4438 | Email: tcavaliere@jonesday.com |
| Telephone: 313-733-3939 | |
| Facsimile: 313-230-7997 | ***Attorneys for Defendant*** |
| Email: aclopton@jonesday.com | ***JPMorgan Chase Bank, N.A.*** |
| | |
| Amanda Dollinger (*pro hac vice*) | |
| JONES DAY | |
| 250 Vesey Street | |
| New York, NY 10281-1047 | |
| Telephone: (212) 326-3939 | |
| Facsimile: (212) 755-7306 | |
| Email: adollinger@jonesday.com | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this October 30, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/ *Eliot Pedrosa*
Eliot Pedrosa

***Attorney for Defendant***
***JPMorgan Chase Bank, N.A.***

5