UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

Case No.: 23-cv-62159-WPD

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

       Defendant.

_____

**DEFENDANT JPMORGAN CHASE BANK, N.A.'s
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Answer and Affirmative Defenses to the Amended Complaint [ECF No. 44] follows:

**ANSWER**

**INTRODUCTION**

1. Chase denies the allegations in paragraph 1.

2. Chase states that its policy on economic sanctions, found at https://www.jpmorgan.com/disclosures/economic_sanctions, speaks for itself. Chase denies any allegations in paragraph 2 that are inconsistent with said policy.

3. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 3 and, therefore, denies the allegations.

4. Chase denies the allegations in paragraph 4.

5. Chase denies the allegations in paragraph 5.

6. Chase states that written messages sent by Chase speak for themselves and otherwise denies the remaining allegations in paragraph 6.

7. Chase denies the allegations in paragraph 7.

8. Chase denies the allegations in paragraph 8.

9. Chase denies the allegations in paragraph 9.

10. Chase denies the allegations in paragraph 10.

11. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 11 and, therefore, denies the allegations.

## JURISDICTION AND VENUE

12. Chase admits that the Court has subject matter jurisdiction over this action. Otherwise, Chase denies the remaining allegations in paragraph 12.

13. Chase admits that venue is proper in this District and otherwise denies the remaining allegations in paragraph 13.

14. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 14 and, therefore, denies the allegations.

15. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 15 and, therefore, denies the allegations.

16. Chase admits the allegations in paragraph 16.

## GENERAL ALLEGATIONS

17. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 17 and, therefore, denies the allegations.

18. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 18 and, therefore, denies the allegations.

19. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 19 and, therefore, denies the allegations.

20. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 20 and, therefore, denies the allegations.

21. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 21 and, therefore, denies the allegations.

22. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 22 and, therefore, denies the allegations.

23. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 23 and, therefore, denies the allegations.

24. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 24 and, therefore, denies the allegations.

25. Chase admits it is a national bank with thousands of branches throughout the United States and otherwise denies the allegations in paragraph 25.

26. Chase admits the allegations in paragraph 26.

27. Chase admits that it has an internal function referred to as the Sanctions Services Utility and otherwise denies the allegations in paragraph 27.

28. Chase denies the allegations in paragraph 28.

29. Chase denies the allegations in paragraph 29.

30. Chase denies the allegations in paragraph 30.

31. Chase denies the allegations in paragraph 31.

32. Chase denies the allegations in paragraph 32.

33. Chase denies the allegations in paragraph 33.

34. Chase denies the allegations in paragraph 34.

35. Chase denies the allegations in paragraph 35.

36. Chase denies the allegations in paragraph 36.

37. Chase denies the allegations in paragraph 37.

38. Chase denies the allegations in paragraph 38.

39. Chase denies the allegations in paragraph 39.

40. In response to the allegations contained in paragraph 40, Chase states that cancellation messages are sent to the party or bank that initiated the transfer and denies the remaining allegations in paragraph 40.

41. Chase denies the allegations in paragraph 41.

42. Chase denies the allegations in paragraph 42.

43. Chase denies the allegations in paragraph 43.

44. Chase denies the allegations in paragraph 44.

45. Chase admits that Chase does not knowingly permit wire transfers to or from Plaintiffs and otherwise denies the remaining allegations in paragraph 45.

46. Chase states that written messages sent by Chase speak for themselves and otherwise denies the remaining allegations in paragraph 46.

47. Chase denies the allegations in paragraph 47.

48. Chase denies the allegations in paragraph 48.

49. Chase denies the allegations in paragraph 49.

50. Chase denies the allegations in paragraph 50.

51. Chase denies the allegations in paragraph 51.

52. Chase denies the allegations in paragraph 52.

53. Chase denies the allegations in paragraph 53.

54. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 54 and, therefore, denies the allegations.

55. Chase denies the allegations in paragraph 55.

56. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 56 and, therefore, denies the allegations.

57. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 57 and, therefore, denies the allegations.

58. Chase is without sufficient knowledge to admit or deny the allegations concerning the actions of other banks and otherwise denies the remaining allegations in paragraph 58.

59. Chase denies the allegations in paragraph 59.

60. Chase denies the allegations in paragraph 60.

61. Chase denies the allegations in paragraph 61.

62. Chase denies the allegations in paragraph 62.

63. Chase denies the allegations in paragraph 63.

64. Chase denies the allegations in paragraph 64.

65. Chase denies the allegations in paragraph 65.

66. Chase denies the allegations in paragraph 66.

67. Chase denies the allegations in paragraph 67.

68. Chase denies the allegations in paragraph 68.

69. Chase is without sufficient knowledge to admit or deny the allegations in paragraph 69 and, therefore, denies the allegations.

70. Chase denies the allegations in paragraph 70.

## COUNT I
## **DEFAMATION (LIBEL)**

71. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

72. Chase denies the allegations in paragraph 72.

73. Chase denies the allegations in paragraph 73.

74. Chase denies the allegations in paragraph 74.

75. Chase denies the allegations in paragraph 75.

76. Chase denies the allegations in paragraph 76.

The "WHEREFORE" clause beneath paragraph 76 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## COUNT II
## **DEFAMATION (SLANDER)**

77. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

78. Chase denies the allegations in paragraph 78.

79. Chase denies the allegations in paragraph 79.

80. Chase denies the allegations in paragraph 80.

81. Chase denies the allegations in paragraph 81.

82. Chase denies the allegations in paragraph 82.

83. Chase denies the allegations in paragraph 83.

The "WHEREFORE" clause beneath paragraph 83 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## COUNT III
## DEFAMATION BY IMPLICATION (LIBEL)

84. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

85. Chase denies the allegations in paragraph 85.

86. Chase denies the allegations in paragraph 86.

87. Chase denies the allegations in paragraph 87.

88. Chase denies the allegations in paragraph 88.

89. Chase denies the allegations in paragraph 89.

The "WHEREFORE" clause beneath paragraph 89 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## COUNT IV
## DEFAMATION BY IMPLICATION (SLANDER)

90. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

91. Chase denies the allegations in paragraph 91.

92. Chase denies the allegations in paragraph 92.

93. Chase denies the allegations in paragraph 93.

94. Chase denies the allegations in paragraph 94.

95. Chase denies the allegations in paragraph 95.

The "WHEREFORE" clause beneath paragraph 95 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

96. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

97. Chase denies the allegations in paragraph 97.

98. Chase denies the allegations in paragraph 98.

99. Chase denies the allegations in paragraph 99.

100. Chase denies the allegations in paragraph 100.

101. Chase denies the allegations in paragraph 101.

The "WHEREFORE" clause beneath paragraph 101 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## COUNT VI
## DECLARATORY JUDGMENT

102. Chase incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 70.

103. Chase denies the allegations in paragraph 103.

104. Chase denies the allegations in paragraph 104.

105. Chase denies the allegations in paragraph 105.

106. Chase denies the allegations in paragraph 106.

The "WHEREFORE" clause beneath paragraph 106 contains no factual allegations and, therefore, no response is required. Chase, however, denies that Plaintiffs are entitled to any relief.

## RESPONSE TO JURY DEMAND

Chase admits that Plaintiffs have demanded a jury trial on all issues so triable, but denies that Plaintiffs are entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NUMBER 1
### (Truth or Substantial Truth)

107. Plaintiffs cannot prevail on their claims because some or all of the statements allegedly made by Chase were true or substantially true.

108. The statements alleged in the Amended Complaint to be defamatory all stated as follows: "We are unable to execute your transaction due to sanctions and/or internal JPMC policy." Am. Compl. ¶ 37.

109. By using the "and/or" formulation, the statements did not assert that either sanctions or internal policy was necessarily the reason that the transactions were blocked, but rather that the reason could have been either sanctions or internal policy.

110. The statement was true because the transactions at issue were blocked based on internal policy.

111. The statement was also true because the internal Chase policies pursuant to which the transactions at issue were blocked rest on Chase's judgments about how best to manage and assess the risk of sanctions.

### AFFIRMATIVE DEFENSE NUMBER 2
### (Privilege)

112. Plaintiffs cannot prevail on their claims because any verbal or written statements by Chase were made pursuant to a privilege.

113. Each of the alleged statements was made to a person seeking to effect a transaction through Chase. The statements were made by Chase in response to those requests to transact.

114. The statements were made in good faith to a narrow subset of persons with whom Chase had a privilege to communicate concerning the attempt to transact through Chase.

115. The statements were made to those persons about transactions Chase was unable to execute.

116. Chase, therefore, had an interest or duty in the subject matter of the statements, and the statements were made to another person having a corresponding interest or duty in the subject matter of the statements.

117. Chase also wrote or spoke to those persons in a proper manner.

118. The alleged statements were also limited in scope to the transactions Chase was unable to execute and the reasons Chase was unable to execute the transactions.

119. The information was not disclosed to additional persons.

## AFFIRMATIVE DEFENSE NUMBER 3
### (First Amendment)

120. Plaintiffs cannot prevail on their claims because the First Amendment to the United States Constitution protects Chase's right to free speech.

121. Each of the alleged statements was made to a person seeking to effect a transaction through Chase. The statements were made by Chase in response to those requests to transact.

122. Chase has a right to tell persons attempting to transact business through Chase why it chooses not to execute certain transactions.

123. Chase is free to articulate its reasoning for its policy decisions without fear of legal sanction.

## AFFIRMATIVE DEFENSE NUMBER 4
### (Plaintiffs Are Defamation-Proof)

124. Plaintiffs cannot prevail on their claims because they are defamation-proof.

125. Before Chase made the alleged defamatory statements, multiple news outlets had published stories about the Gitmans and Monarch Air Group, LLC ("Monarch").

126. On March 14, 2019, a publicly accessible website titled "The Stern Facts" published an article alleging that "Monarch Air is allegedly a Russian mob front" and that persons used "Monarch to funnel money and drugs on behalf of the Russian Mafia."

127. On November 27, 2020, a publicly accessible website titled "Organized Crime and Corruption Reporting Project" published a lengthy article titled, "Flight of the Monarch: US Gov't Contracted Airline Once Owned by Criminals with Ties to Russian Mob" about Monarch. That article alleged, among other things, (1) that Monarch "was once part-owned by two men who worked with a major Russian-American organized crime group"; (2) that in 2017, Jacob Gitman, whom the article identified as current Monarch owner David Gitman's father and a prior owner of 90 percent of Monarch, "was found liable in a civil lawsuit of misleading investors about technology, expertise, and potential profits from an operation to supposedly convert used tires into fuel"; and (3) that Monarch's "air carrier certificate was revoked in February 2018."

128. Given the representations in these articles, which remain publicly accessible as of the date of this filing, Chase's alleged statements could not have caused Jacob Gitman or his affiliates, including Sinai Holdings, LLC, any further reputational harm.

**AFFIRMATIVE DEFENSE NUMBER 5**
**(Mitigation of Damages)**

129. Plaintiffs' damages are barred in whole or in part by their failure to mitigate damages.

130. Plaintiffs could have mitigated damages by making alternate payment mechanisms available to their customers and/or by communicating with their customers.

131. To the extent, as plaintiffs allege, any customer or other nonparty believed Plaintiffs were on a sanctions list, those lists are publicly available, and Plaintiffs could have easily furnished those publicly available lists to any such person.

## AFFIRMATIVE DEFENSE NUMBER 6
### (Res Judicata or Claim Preclusion)

132. Plaintiffs' claims against Chase are barred, in whole or in part, by res judicata (or claim preclusion) based on claims adjudicated in prior cases involving Plaintiffs and/or their privies, including but not limited to Monarch and David Gitman.

133. Monarch and David Gitman were plaintiffs in two cases filed in this District styled *Monarch Air Grp., LLC v. JPMorgan Chase Bank, N.A.*, Case Nos. 21-cv-62429-WPD ("*Monarch I*") and 23-60770-CIV-WPD ("*Monarch II*").

134. Both Monarch I and II were adjudicated against Monarch and David Gitman.

135. A final judgment has been entered in Monarch I against Monarch and David Gitman.

136. Plaintiffs in this case are in privity with David Gitman and Monarch. Jacob Gitman is David Gitman's father and is a member of both Monarch and Sinai Holdings LLC.

137. Plaintiffs in this case are represented by the same counsel who represented David Gitman and Monarch in *Monarch I* and *II*. In addition, David and Jacob Gitman have used the same counsel in other proceedings in which they or their businesses are parties.

## AFFIRMATIVE DEFENSE NUMBER 7
### (Collateral Estoppel or Issue Preclusion)

138. Plaintiffs' claims against Chase are barred, in whole or in part, by collateral estoppel (or issue preclusion) based on issues adjudicated in prior cases involving Plaintiffs and/or their privies, including but not limited to Monarch and David Gitman.

139. Monarch and David Gitman were plaintiffs in *Monarch I.*

140. Monarch I was adjudicated against Monarch and David Gitman.

141.   Monarch I involved litigation of the identical issues raised in this case, and those issues were decided in Monarch I.

142.   Plaintiffs in this case are in privity with David Gitman and Monarch. Jacob Gitman is David Gitman's father and is a member of both Monarch and Sinai Holdings LLC.

143.   Plaintiffs in this case are represented by the same counsel who represented David Gitman and Monarch in *Monarch I* and *II*. In addition, David and Jacob Gitman have used the same counsel in other proceedings in which they or their businesses are parties.

### AFFIRMATIVE DEFENSE NUMBER 8
### (Preemption)

144.   Plaintiffs' claims against Chase are expressly or impliedly preempted, in whole or in part, by the Bank Secrecy Act, National Bank Act, and/or other applicable federal laws or regulations.

145.   Under the National Bank Act, state law may not "prevent or significantly interfere with [a] national bank's exercise of its powers" granted by federal law—whether "enumerated" or "incidental." *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 32-33 (1996). A national bank's federally granted powers include evaluating whether a particular transaction would entail undue financial risk. And those powers also include the incidental power of offering a good-faith explanation to a customer or counterparty as to why a transaction is being declined. Imposing state tort liability on a national bank for offering such a good-faith explanation would impermissibly "prevent or significantly interfere with" the bank's exercise of its federally authorized powers.

146.   JPMC must comply with anti-money-laundering, customer due diligence, and other bank secrecy obligations imposed by its federal regulator, the OCC, as well as federal statutes. *See, e.g.*, 31 U.S.C. § 5318(g)(2)(A)(i), 31 C.F.R. § 21.11(k); Confidentiality of Suspicious Activity Reports, 75 Fed. Reg. 75,576, 75,579 (Dec. 3, 2010). Certain obligations place limits on

JPMC's ability to explain why transactions are canceled. Imposing state tort liability on a national bank for an allegedly insufficient explanation goes against the "the strong public policy" in favor of maintaining confidentiality of such information, *see* Confidentiality of Suspicious Activity Reports, 75 Fed. Reg. 75,576, 75,579 (Dec. 3, 2010), and would frustrate the purposes and objectives of federal anti-money-laundering and bank secrecy laws.

### AFFIRMATIVE DEFENSE NUMBER 9
### (Statute of Limitations)

147. Plaintiffs' claims against Chase are barred, in whole or in part, by the applicable statute(s) of limitations.

148. The applicable statute of limitations is two years.

149. Plaintiffs fail to allege the dates or times that any of the alleged statements described in the Amended Complaint were made.

150. To the extent such statements were made prior to November 13, 2021, Plaintiffs' claims are barred.

### CHASE'S RIGHT TO AMEND

Chase reserves the right to amend its affirmative defenses.

### CONCLUSION

WHEREFORE, Chase prays as follows:

1. That judgment be entered in favor of Chase and against Plaintiffs;

2. For costs of suit and attorneys' fees herein incurred; and

3. That this honorable Court award Chase such other relief as it deems just and proper.

Dated: November 12, 2024

Anthony J. Dick (*pro hac vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew Clopton (*pro hac vice*)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger *(pro hac vice)*
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306
Email: adollinger@jonesday.com

Respectfully submitted,

*/s/ Eliot Pedrosa*
Eliot Pedrosa (Fla. Bar No. 182443)
Taylor Cavaliere (Fla. Bar No. 1040247)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305-714-9700
Facsimile: 305-714-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a true and correct copy of the foregoing Answer and Affirmative Defenses to the Amended Complaint was filed using the Court's CM/ECF system, which will serve all counsel of record.

/s/ *Eliot Pedrosa*
Eliot Pedrosa

*Attorney for Defendant*
*JPMorgan Chase Bank, N.A.*