UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SINAI HOLDINGS, LLC,  
a Florida limited liability company,  
and JACOB GITMAN,

    Plaintiffs,

vs.

JPMORGAN CHASE BANK, N.A., a foreign profit corporation,

    Defendant.
_____/

CASE NO. 23-62159-CIV-WPD

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT [DE 66]

    Plaintiffs, SINAI HOLDINGS, LLC ("Sinai"), and JACOB GITMAN ("Gitman") (collectively "Plaintiffs"), move to Strike Defendant, JPMORGAN CHASE BANK, N.A's ("Chase" or "Defendant"), Affirmative Defenses nos. 1, 2, 3, 4, 6, 7, 8, and 9.

### I.    INTRODUCTION

    Plaintiffs Sinai and Gitman sued Chase because it tells anyone who tries to transfer money to Plaintiffs that it cannot complete the transaction due to "sanctions" and an OFAC investigation. Plaintiffs brought claims for libel and slander, libel and slander by implication, tortious interference (seeking injunctive relief), and declaratory relief to confirm to the world that what Chase did is wrong. These claims arise from Chase's ongoing defamatory and harmful conduct against Plaintiffs, including falsely claiming that their transaction cancellations are required by fabricated "OFAC investigations" and made up "sanctions." Chase weaponized its internal anti-money laundering ("AML") Interdiction List to blacklist Plaintiffs and block transactions involving them, relying on wild and discredited sources such as a first- and last-time political

blogger that has since recanted under oath. Despite the lack of any proper manner or basis for these extreme allegations of international crimes, Chase's policies automatically disseminated these defamatory statements whenever a transaction was cancelled, intentionally conflating false OFAC sanctions and investigations with "internal JPMC Policy." Chase continued making these defamatory, harmful statements for years after it was told about this humiliating and life-destroying defamatory policy framework.

With this backdrop, Chase filed its Answer and Affirmative Defenses [DE 66] on November 12, 2024. But Chase's affirmative defenses are insufficient as a matter of law and should be stricken under Rule 12(f). Chase's affirmative defenses fail to include the necessary factual allegations to put Plaintiffs on notice of their defense and thus should be stricken.

## II.   MEMORANDUM OF LAW

### A. Legal Standard

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new *allegations* of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (emphasis added). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.*; *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense that is insufficient as a matter of law should be struck even though striking an affirmative defense is generally considered a drastic remedy. *Adams*, 294 F.R.D. at 670-671.

Affirmative defenses must also meet the *Twombly/Iqbal* pleading standard under Rule 8(a). *Losada v. Norwegian (Bahamas) Ltd.*, No. 13–cv–22256–JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013); *Gent Row, LLC v. Truist Fin. Corp.*, No. 9:22-CV-80684-WPD, 2022 WL

18466211, *1. (S.D. Fla. Nov. 21, 2022). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," to provide fair notice of the defense and its grounds. *Id.*; *See also Twombly*, 550 U.S. at 555-56, n.3. The pleading must assert enough facts to make the defense plausible, assuming all factual allegations in the complaint are true. *Id.* at 555; *Iqbal*, 556 U.S. at 677; *See also Morales v. Medicredit, Inc.*, No. 20-60854-CIV, 2020 WL 13389335, at *1–2 (S.D. Fla. June 16, 2020). "Formulaic recitations filled with labels and conclusions without factual allegations are insufficient." *Sundby v. Johnson*, No. 20-81944-CIV, 2021 WL 8919290, at *1 (S.D. Fla. Aug. 19, 2021) (citing *Twombly*, 550 U.S. at 555). Affirmative defenses that "simply set out the law," but contain "no actual facts" to support those defenses fail the *Iqbal* and *Twombly* pleading requirements. *Lynch v. Cont'l Grp., Inc.*, No. 12-21648-CIV, 2013 WL 166226, at *6 (S.D. Fla. Jan. 15, 2013); *Morales v. Medicredit, Inc.*, No. 20-60854-CIV, 2020 WL 13389335, at *2 (S.D. Fla. June 16, 2020).

    **B.  Chase's affirmative defenses do not meet the *Iqbal*/*Twombly* pleading standard**

Chase's affirmative defenses fail to allege material facts putting Plaintiffs on fair notice of the grounds upon which the defense is based and thus do not comply with the pleading requirements of *Twombly* and *Iqbal*. *Morales v. Medicredit, Inc.*, No. 20-60854-CIV, 2020 WL 13389335, at *2 (S.D. Fla. June 16, 2020). They should thus be stricken.

<u>Chase's First Affirmative Defense: "Truth or Substantial Truth"</u>

Chase's first affirmative defense failed to state a legally sufficient defense altogether, because it did not plead how it had good motive when it made the false statements about OFAC investigations and related sanctions, a required element for a truth defense. "[U]nder Florida law, truth is only a defense to defamation when the truth has been coupled with good motive." *Lipsig v. Ramlawi*, 760 So. 2d 170, 183 (Fla. 3d DCA 2000). For these reasons, the Court should strike Defendant's First Affirmative Defense.

<u>Chase's Second Affirmative Defense: "Privilege"</u>

Chase alleges insufficient material facts to provide fair notice of the defense, though it pleaded some facts. First, Chase fails to identify which privilege it is asserting in its defense, whether it is an absolute privilege, a qualified privilege, or some other privilege. Instead, Chase pled that "any verbal or written statements by Chase were made pursuant to a privilege." Chase then appears to recite the elements of qualified privilege based on mutuality of interest but fails to say so expressly and includes no material facts supporting the mutuality of interest element

"The essential elements of the qualified privilege are: (1) good faith; (2) an interest in the subject by the speaker or a subject in which the speaker has a duty to speak; (3) a corresponding interest or duty in the listener or reader; (4) a proper occasion; and (5) publication in a proper manner." *Falic v. Legg Mason Wood Walker, Inc*., 347 F. Supp. 2d 1260, 1264 (S.D. Fla. 2004). Chase's barebone legal conclusions with few facts to support such conclusions do not meet the *Iqbal/Twombly* standard and are insufficient as a matter of law.

Further, beyond mere conclusions, Chase does not allege any facts showing how its statements were made in good faith, what proper investigation Chase did under its policies to interdict and then automatically defame the Plaintiffs, nor why Chase decision to always include false information about OFAC investigations and sanctions in the statement can be done in a proper manner. Chase likely chooses to avoid adding these details as it relied on an sham blog, since recanted under oath, as the basis for their proper occasion and proper manner elements. *Am. Ideal Mgmt., Inc. v. Dale Vill., Inc*., 567 So. 2d 497, 499 (Fla. 4th DCA 1990). In any event, further material facts are required to be pled in support of this affirmative defense. As a result, Defendant's Second Affirmative Defense is legally insufficient and should be stricken.

Chase's Third Affirmative Defense: "First Amendment"

Chase's third affirmative defense is legally deficient. The defense fails to allege any material facts supporting this defense, including whether Chase's speech is against a "private individual" or a "public figure." That distinction is relevant to any defense as there are different standards to be applied to defamation against private individuals and public figures. *See, e.g., Mile Marker, Inc. v. Petersen Publ'g, LLC*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002). Chase also mistakenly claims that it "is free to articulate its reasoning for its policy decisions without fear of legal sanction." But the First Amendment does not permit Chase to make extreme defamatory statements about private individuals regarding "OFAC sanctions" or "investigations" when they are always absolutely false. *Weaver v. Bonner*, 309 F.3d 1312, 1319 (11th Cir. 2002). And Chase does not here claim that "OFAC Investigations" or "sanctions" are the reason for its policy decision not to transfer money to Plaintiffs. Chase does not do so because such a claim would be frivolous.

This defense is also legally insufficient because it does not avoid Plaintiffs' claims. Plaintiffs sued Chase for including false reasons ("sanctions" and "OFAC Investigations") in its statement about why ("Internal JPMC Policy") it cancelled transactions. Plaintiffs agree that Chase can say "Internal JPMC Policy" and are not suing Chase for that statement. Accordingly, this Court should strike Defendant's Third Affirmative Defense for failing to allege any material facts supporting its legally insufficient defense.

Chase's Fourth Affirmative Defense: "Defamation Proof"

Chase's fourth affirmative defense is insufficient as a matter of law. Chase appears to allege that Plaintiffs suffered no further damages to its reputation from an international bank publishing falsehoods directly to their business associates, because there was a recanted blog post on the internet. Yet, making this incredulous contention, Chase fails to admit to the allegations of damages and instead contends that there are no damages caused by Chase. Additionally, the

isolated blog posts, that may have only been read by Chase during their supposed good faith and proper exercise of their Interdiction List policies, does not mention Sinai and is only about a wholly separate entity that is not involved in this matter. Therefore, Defendant's Fourth Affirmative Defense is insufficient as a matter of law and should be struck.

### Chase's Sixth Affirmative Defense: "Res Judicata or Claim Preclusion"

Chase's sixth affirmative defense fails to allege material facts to put Plaintiffs on fair notice of the grounds upon which the defense is based. In Florida, claim preclusion has two elements. First, there must be a judgment in the initial suit and second, the proponent must establish each of these identities in both actions: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of quality of person for or against whom the claim is made." *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (en banc). Here, Chase fails to identify any material facts on the "identity of the thing sued for" and if the causes of actions are identical. And Monarch is legally a separate entity from Sinai and any alleged defamatory statements made by Chase against Sinai or Jacob Gitman are distinct from those statements made about Monarch. As a result of the omissions, this Court should strike Defendant's Sixth Affirmative Defense.

### Chase's Seventh Affirmative Defense: "Collateral Estoppel or Issue Preclusion"

Chase's seventh affirmative defense fails to allege material facts to put Plaintiffs on fair notice of the grounds upon which the defense is based. Issue preclusion applies when the same parties are litigating different causes of action than in earlier litigation. *Mass v. State*, 927 So. 2d 157, 160 (Fla. 3d DCA 2006); *Gordon v. Gordon*, 59 So. 2d 40, 44 (Fla. 1952)). In such cases, matters actually decided and premised on the "precise facts" determined in the earlier judgment should generally not be re-adjudged. *Id*. Here, Chases in conclusory fashion alleges that "Monarch I involved litigation of the identical issues raised in this case…" But Chase fails to sufficiently

plead material facts as to the issues in Monarch I and how those issues are identical to the issues here. For the same reasons as the sixth affirmative defense, this Court should strike Defendant's Seventh Affirmative Defense.

<u>Chase's Eighth Affirmative Defense: "Preemption"</u>

Chase's eighth affirmative defense fails to include supporting material facts to support its legal conclusions. Chase pled that "Plaintiff's claims against Chase are expressly or impliedly preempted, in whole or in part, by the Bank Secrecy Act, National Bank Act, and/or applicable federal laws or regulations." Defendant then in an unsubstantiated manner alleges that Bank Secrecy Act or National Bank Act preempt Plaintiffs' claims without providing any material facts as to how those Acts apply to this Action. As to the second portion of the "affirmative defense," Chase fails to even include a specific subset of federal laws or regulations that would preempt Plaintiffs' claims. Thus, Defendant fails to provide sufficient notice to Plaintiffs as to its defense and this Court should strike Defendant's Eighth Affirmative Defense.

<u>Chase's Ninth Affirmative Defense: "Statute of Limitations"</u>

Chase's ninth affirmative defense is a boilerplate defense that fails to include supporting material facts. Chase pled that "Plaintiffs' claims against Chase are barred, in whole or in part, by the applicable statute(s) of limitations." Defendant fails to plead any facts to support such a defense, including what date(s) Chase alleges the publications occurred or damages were sustained for purpose of claim accrual. *See, e.g., Lynch*, at *6 (striking the affirmative defense of statute of limitations for failing to plead any supporting facts). Accordingly, this Court should strike Defendant's Ninth Affirmative Defense.

### C. Chase's Answer to Paragraph 2 of the Complaint Cites an Inapplicable Policy Without the Language Quoted in the Complaint and Should be Stricken as Impertinent

In its Answer, Chase references a "policy" in paragraph 2 that is unrelated to the policy Plaintiffs quoted in their Complaint and should thus be struck. Plaintiffs quoted from a Chase policy in ¶ 2 of their Amended Complaint titled "Procedure & Governance of Chase's Sanction Service Utility." This Chase policy defines "sanctions" and provides the procedures and guidelines for issuing the false statements that are the subject of the Complaint. In contrast, the "policy" Chase refers to is unrelated to Plaintiffs' allegations and instead is a "disclosure" that Chase must comply with the sanctions administered and enforced by OFAC and is not a policy at all. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fodor v. E. Shipbuilding Grp.*, No. 5:12-CV-28-RS-CJK, 2014 WL 50783, at *5 (N.D. Fla. Jan. 7, 2014) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.2004)). Therefore, Chase's Answer to ¶ 2 of the Complaint is impertinent and should be struck.

### III. CONCLUSION

Defendant's affirmative defenses should be struck for failing to meet pleading standards of Rule 8 and under *Twombly* and *Iqbal* and are insufficient as a matter of law. Additionally, Chase's Answer to ¶ 2 is nonresponsive to the allegations in Plaintiffs' Complaint and should be struck as impertinent to this Action.

**[CERTIFICATE OF SERVICE TO FOLLOW]**

## CERTIFICATION OF LOCAL RULE 7.1(a)(3) CONFERRAL

Plaintiffs' counsel certifies that they conferred in a good faith effort to resolve by agreement the issues raised in this Motion to Strike Affirmative Defenses with Defendant's counsel on November 19, 2024, who opposes the relief sought at this current time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via the CM/ECF filer on this 26th day of November 2024, on all parties and counsel of record: JONES DAY 600 Brickell Ave., Suite 3300, Miami, FL, 33131, Eliot Pedrosa, Esq., epedrosa@jonesday.com; Taylor Cavaliere, Esq., tcavaliere@jonesday.com; and Amanda Dollinger Esq., adollinger@jonesday.com.

Respectfully submitted,

STOK KON + BRAVERMAN
Attorneys for Plaintiffs
One East Broward Boulevard
Suite 915
Fort Lauderdale, Florida 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: rstok@stoklaw.com
Secondary: service@stoklaw.com

/s/ *Joshua R. Kon, Esq.*
JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)