UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC *et al.*

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

**PLAINTIFFS' MOTION TO DE-DESIGNATE MATERIAL MARKED CONFIDENTIAL**

Plaintiffs, Sinai Holdings, LLC and Jacob Gitman move for an order designating as non-confidential matters unjustifiably marked confidential by Defendant JPMorgan Chase Bank, N.A.

## **Background**

Chase produced several documents titled "AML Interdiction List Request." These documents contain Chase's reasons for de-banking, blacklisting, and then automatically defaming Plaintiffs and other entities and individuals associated with them. (To be filed under seal) **Exhibit 1** (AML Interdiction List Request for Sinai, J. Gitman, Monarch Air, and D. Gitman) and **Exhibit 2** (AML Interdiction List Request for Technocon Transportation, Technocon International, and separate requests for D. Gitman, Monarch Air, Sinai, and J. Gitman). Additionally, Chase produced emails to and from its global anti-money laundering committee co-chairs wherein the committee adopts the recommendation to interdict Plaintiffs based on the narratives presented in the AML Interdiction List Requests. *See* **Exhibit 3** (to be filed under seal, redacted for personal information) (the "**Email Chain**"). These documents are central to Plaintiffs' claims and Chase's defenses, including whether Chase acted in good faith when it told its customers that Plaintiffs were subject to sanctions.

The AML Interdiction List Requests are completed forms that Chase uses to create its internal AML interdiction list requests. The unredacted portions of the documents are limited to narratives drafted by Chase concerning Plaintiffs that derived largely from a blog post published by Patrick Simpson. The blog post spun a tale of implausible associations between Plaintiffs and Donald Trump based on Jacob Gitman's one-time association with Vadim Trincher and Anatoly Golubchik many years prior. Messrs. Trincher and Golubchik had once been associated with a condominium unit in Trump Tower in New York. Thus, the blog post's fantastical conclusion that Plaintiffs were Trump's agents conspiring with Russian criminals.[1] Similarly, the only unredacted text in the Email Chain reflects Chase's committee approving Plaintiffs' interdiction based on the AML Interdiction List Requests.

The substance of the AML Interdiction List Requests have already been placed in the public record in *Monarch Air Group, LLC et al v. JPMorgan Chase Bank, N.A.*, case number 21-cv-62429-WPD (S.D. Fla.) (the "**Monarch Case**"). In that case, Chase produced the AML Interdiction List Request contained in Exhibit 1 subject to the same confidentiality order entered in this case.

---

[1] Mr. Simpson has since recanted his allegations in the blog post under oath. *See* [DE 108-1] (P. Simpson recanting the substantive portions of blog post during deposition).

1

Monarch Case [DE 47]. The document was never publicly filed, but its substance, particularly the narrative section, was discussed and quoted extensively in the briefing by both parties. *See, e.g.*, *id.*, *Motion for Relief from Judgment*, DE 212 pp. 8–10 (plaintiffs quoting and discussing AML Interdiction List Request, including "negative media" and claims of colluding with Russian criminals to interfere in the 2016 U.S. presidential election); *Response to Motion for Relief from Judgment*, DE 263 pp. 24 (Chase discussing AML Interdiction List Request including same claims). Chase never complained of violations of the confidentiality order in the Monarch Case based on the discussion of the AML Interdiction List Request.

   Plaintiffs and their associated companies have suffered untold public harm at the hands of Chase due to its decision to permanently debank, interdict, and defame them. For the last six years, Plaintiffs' ability to transact with anyone in the world has been hamstrung due to Chase's ubiquitous presence in the global banking landscape. Any wire transaction to or from Plaintiffs in which Chase is the originator, recipient, or intermediary bank is tortiously interfered with and cancelled due to Chase's bad faith decision to debank Plaintiffs. Chase at the same time also publishes that the transaction was blocked due to "OFAC investigations" and "sanctions/JPMC internal policy." As recently as March 11, 2025, Chase cancelled a transaction from Top Office Pros Business Services (a company held by Sinai) and published the sanctions statement: "SANCTIONS AND/OR//INTERNAJPMC [sic] POLICY." *See* **Exhibit 4**. This unfair and deceptive misconduct has rendered Top Office Pros unable to wire a multi-million-dollar contractual payment due March 31, 2025 to Delta Star, Inc. in connection with its provision of a CUIR master substation high voltage transformer to SLAC National Accelerator Laboratory, a research facility funded by the U.S. Department of Energy. The transformer is critical to providing electricity to people in need and for related synchrotron radiation research at Stanford University.

   Plaintiffs have attempted desperately to rehabilitate their reputation and good name with their vendors and customers by explaining that Chase's decision was baseless and irresponsible. Without hard documentation, however, Plaintiffs have been relegated to directing recipients of the defamatory emails to the pending litigation in which Chase has gone to extraordinary efforts to block meaningful discovery and disclosure. To make matters worse, the trickle of relevant documents produced by Chase are all marked confidential, thus restricting Plaintiffs' ability to demonstrate to their customer and vendor base the absurdity of what happened at Chase. Even for purposes of litigation before the Court, Chase has contended that Plaintiffs may not even quote or

discuss the AML Interdiction List Requests. This insistence necessitated Plaintiffs to file their *Unopposed Motion to Seal* [DE 109] to address Chase's demand that a quotation of the narrative of one of the AML Interdiction List Requests filed in one of Plaintiffs' filings [DE 108] be sealed.

By this motion, Plaintiffs request that the Court designate the AML Interdiction List Requests and Email Chain (as redacted in Exhibit 3) as non-confidential.

### Argument

The Court entered its *Protective Order Governing Discovery of Confidential Information* in this case on December 3, 2024 [DE 74] (the "**Confidentiality Order**"). Under the order, a party may challenge a confidentiality designation by application to the Court. Confidentiality Order ¶ 4. Similarly, a party "may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter." *Id.* ¶ 13. Under either circumstance, the proponent of confidentiality—here, Chase—bears the burden to show that the material is in fact confidential and subject to protection. *See id.* ¶¶ 4, 13.

In its Confidentiality Motion [DE 56], Chase asserted that discovery in this case would include "a wide range of confidential materials, including client information, communications with customers, banks, and other third parties regarding private financial transactions, and internal policies and processes for handling highly sensitive information." [DE 56] p. 4. The Confidentiality Order elaborates on what materials are protected. Confidentiality Order ¶ 1.

Under Rule 26(c)(1), "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure…" Courts in the Eleventh Circuit recognize that "[w]hile parties often stipulate to a protective order designating particular documents as confidential…such a stipulation only postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Kintz v. United Parcel Serv., Inc.*, 2010 WL 4386940 (M.D. Aka. Oct. 29, 2010) (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir.2001)). "Good cause will generally only be established where the materials (*e.g.*, documents or testimony) contain trade secrets, personal identifying information, and sensitive commercial information, where public disclosure would result in annoyance, embarrassment, oppression, or undue burden or expense." *BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2018 WL 6709545 (N.D. Ga. Jan. 5, 2018) (citations omitted).

"The common-law right of access to judicial proceedings, an essential component of our

3

system of justice, is instrumental in securing the integrity of the process…[which] right includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). While discovery materials are generally excluded from this access right, "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." *Id.* at 1246 (internal quotations and citations omitted).

Nothing in the redacted AML Interdiction List Requests or Email Chain is confidential warranting their designation as confidential. These documents do not contain trade secrets or sensitive commercial information, nor do they elaborate on any internal procedures or investigative methods used by Chase to detect criminal activity or compliance with anti-money laundering procedures. Likewise, all personal identifying information in the documents is redacted. The only basis for claiming confidentiality, then, is Chase's desire to avoid the discomfort of the public seeing its internal bureaucracy blacklisting customers based on salacious allegations in the unverified and subsequently recanted blog post. That is not "good cause" under Rule 26.

It is true that courts will protect "information [that] appears to embody [plaintiff's] internal communications which reveal its process and practices for investigating complaints, assessing the value of relationships with its clients, and other information related to [plaintiff's] customers." *Smart Commc'ns Holding, Inc. v. Correct Solutions, LLC*, 2022 WL 1081564, at *3 (M.D. Fla. April 11, 2022). Similarly, in *Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447 (S.D.N.Y. 2001), the court upheld confidentiality on, among other things, "Citibank anti-money laundering compliance policies and procedures." *Id.* at 449 n.1; *see also Jasso v. Wells Fargo Bank*, 2023 WL 4549564 (D. Nev. June 15, 2023) (upholding confidentiality designations on documents that "include information about Wells Fargo's internal, non-public investigative processes and procedures"). These holdings, however, do not apply to the AML Interdiction List Requests and the Email Chain because they only contain summaries of narratives based on which Chase interdicted and rubber-stamp defamed the Plaintiffs. These documents do not reveal proprietary information that Chase uses to investigate or apply policies related to anti-money laundering.

Chase's actions have had real-life, dire consequences for Plaintiffs. Shielding these central documents in the darkness of secrecy is antithetical to the most basic premise of our judicial system. *See Lefebure v. D'Aquilla*, 15 F. 4th 670, 674 (5th Cir. 2021) ("Our adversarial system of justice is based on the same fundamental premise as our First Amendment—a firm belief in the

4

robust and fearless exchange of ideas as the best mechanism for uncovering the truth."). Plaintiffs should not be doomed by scandalous gossip that has ruined their reputation when they can simply rebut it by confronting it with inculpating documents, most importantly the AML Interdiction List Requests and Email Chain showing how absurd Chase's actions are and were.

In short, Chase cannot meet its burden to show that there is anything confidential in these documents. Plaintiffs must be able to publicly file, quote to, and reference the documents to demonstrate, and thereby mitigate, the wrongs wrought by Chase's public communications based on the documents. Plaintiffs therefore request that the Court de-designate the AML Interdiction List Requests and Email Chain to allow Plaintiffs to share the documents with the public, including with parties that inquire about Chase's debanking, blacklisting, and defaming Plaintiffs.

In the alternative, if the Court does not de-designate the entirety of AML Interdiction List Requests and Email Chain, the Court should allow Plaintiffs to quote the narrative sections of these documents verbatim in their court filings. The narratives of the AML Interdiction List Requests were already placed in the public record in the Monarch Case without objection by Chase and go to the very heart of Plaintiffs' claims and Chase's defenses: was Chase's decision to interdict Plaintiffs and defame them done in "good faith…;[on] a proper occasion; and publi[shed] in a proper manner?" *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1264 (S.D. Fla. 2004). Plaintiffs should not have to dance around the actual reasons Chase did what it did by paraphrasing these documents or sealing them for court-only review. Instead, the Court should allow Plaintiffs to quote the narrative sections of the AML Interdiction List Requests and Email Chain verbatim in their court filings.

## Conclusion

For these reasons, Plaintiffs request that the Court enter an order declassifying the AML Interdiction List Requests and Email Chain as set forth herein.

## Certificate of Conferral

Plaintiffs' counsel conferred with Chase's counsel concerning the relief requested in this Motion by substantial email correspondence on March 12, 2025 and by subsequent telephonic conferral. Plaintiffs' counsel called Magistrate Judge Hunt's chambers on March 19, 2025 and obtained permission to file this motion.

**Request for Hearing**

Plaintiffs respectfully request that the Court conduct a hearing on this motion. The matters set forth in this motion are of utmost importance to Plaintiffs to allow them to resuscitate their reputation by demonstrating to the public what happened at Chase. A hearing would assist the Court in fully understanding the arguments about the non-confidential nature of the documents. Plaintiffs estimate that a one-hour hearing is necessary for oral argument.

Date: March 20, 2025

Respectfully submitted,

By: /s/ *Joshua R. Kon, Esq.*
**STOK KON + BRAVERMAN**
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

*Counsel to Plaintiffs Sinai Holdings, LLC and Jacob Gitman*