# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC *et al.*

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.

      Defendant.

## PLAINTIFFS' REPLY IN SUPPORT OF
## MOTION TO DE-DESIGNATE MATERIAL MARKED CONFIDENTIAL

Plaintiffs, Sinai Holdings, LLC and Jacob Gitman reply in support their *Motion to De-Designate Material Marked Confidential* [DE 113] (the "**Motion**").

## Argument

### A.    Chase has not demonstrated good cause to designate the material confidential.

For a party to maintain confidentiality under Rule 26(c)(1)(G), it must "(1) demonstrate that the disclosure *will* cause a serious injury; and (2) *compare* the gravity of the injury with Plaintiffs' need." *Sumner v. Biomet, Inc.*, Case No. 08-cv-98, 2010 WL 11519199 (M.D. Ga. July 22, 2010). In determining whether to maintain a confidentiality designation, "the district court should consider whether the case involves issues important to the public." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994). Thus, for example, "[i]f a settlement agreement involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality." *Id.*

To satisfy its burden in this case, Chase claims: "[t]hese documents contain highly sensitive information from Chase's Global Financial Crimes Compliance department about internal, nonpublic investigations and Chase's internal, nonpublic investigative processes and procedures

1

for protecting its accountholders, the public, and itself from money laundering activity." Reviewing the documents shows that this is simply not the case.

The AML interdiction list requests and emails that Plaintiffs seek to de-designate do not contain anything more than Chase's summarization of publicly available media about Plaintiffs based on which Chase concluded to debank Plaintiffs. There is nothing in these documents that touches on Chase's "nonpublic investigative processes and procedures for protecting its accountholders, the public, and itself from money laundering activity." To the extent these documents contained anything of such nature it was redacted by Chase. And if Chase is referring to the forms containing the summaries, the forms do not have any processes within them.

Moreover, Plaintiffs' need for the material far outweighs Chase's purported interest in keeping it confidential. The purpose of this lawsuit is to unwind the harm inflicted by Chase broadcasting to the public that Plaintiffs are subject to sanctions and OFAC investigations when they never were. The only way to meaningfully remedy this harm is by demonstrating to the public that Chase's decisions were not based on Plaintiffs being subject to sanctions or OFAC investigations but instead based on far-left blog reports about them. Even a favorable result in this litigation would likely not resuscitate Plaintiffs' name and reputation as meaningfully as Plaintiffs' being able to show the actual documents from Chase that demonstrate that Chase itself never had reason to believe that Plaintiffs were subject to OFAC sanctions.

Finally, the phenomenon of national banks debanking politically disfavored customers has taken center stage in public discourse in recent months.[1] Chase itself is the largest bank in the

---

[1]   *See*   https://www.wsj.com/opinion/donald-trump-debanking-capitol-one-tim-scott-operation-choke-point-b 3d2bd66 (reporting that President Trump claims to have been debanked for political reasons);   https://financialservices.house.gov/news/documentsingle.aspx?DocumentID=409485 (detailing letter from 30 U.S. senators requesting treasury department to take action against political debanking).

world and has been accused of debanking customers for politicized reasons. *See* https://nypost.com/2025/03/10/opinion/i-was-debanked-by-jpmorgan-chase-but-fought-back-and-won/ (claiming Chase debanked General Michael Flynn and the National Committee for Religious Freedom for holding conservative political and religious beliefs). So, considering Chase's CEO Jamie Dimon flatly and publicly denied that Chase ever acts based on political affiliations,     https://www.pymnts.com/news/banking/2025/jpmorgan-boss-debunks-political-debanking-but-calls-for-review/, apparently Chase kept these documents confirming the opposite a secret from Mr. Dimon as well. Based on the AML interdiction list requests and the emails, it is clear that Chase's decision to debank and cancel transactions to and from Plaintiffs was based on political motivations as well. The most vivid demonstration of this is contained in the documents Plaintiffs seek to de-designate. This case therefore is one that is of public concern that involves a highly visible and consequential person that is alleged to have engaged in conduct at the heart of the now public controversy. Any alleged interest Chase holds in keeping the documents under protection is far outweighed by the public interest in finding out why Chase did what it did. And Chase wanting to avoid further embarrassment for its improper actions is not a proper basis to keep the documents confidential.

**B.     Chase's citation to Magistrate Valle's ruling in the Monarch Case is inapposite.**

The motion to de-designate filed by the plaintiffs in the *Monarch Air Group, LLC et al. v. JPMorgan Chase Bank, N.A.*, Case No. 21-cv-62429-WPD (S.D. Fla.) (the "**Monarch Case**") was filed post-judgment. The purpose of the motion was to seek leave to utilize multiple documents produced in that case in a state court proceeding against the editor of the publication that first published the defamatory blog post to demonstrate to the trier of fact the damage wrought on Monarch through the publication of the post. [DE 281 in Monarch Case]. In the motion, Monarch

3

sought to de-designate the AML interdiction list request and Chase's policies governing its internal procedures for investigating customer transactions as well as communicating its interdiction decisions to third parties. *Id.* pp. 2–3. In this context, Magistrate Judge Valle held that the documents were confidential because their disclosure would "reveal internal procedures and processes used by Chase in its anti-money laundering program." [DE 291 at 50].

In this case, Plaintiffs do not seek to de-designate Chase's internal procedures or investigative processes. The only documents sought to be de-designated are the AML interdiction list requests and the emails, which as produced are heavily redacted and do not reveal anything about Chase's internal process for concluding that it should interdict Plaintiffs. The only unredacted material in the AML interdiction list requests are summaries of the factual basis on which Chase decided to debank Plaintiffs. Similarly, the email chain Plaintiffs seek to de-designate reflects only Chase employees approving the interdiction of Plaintiffs. Disclosure of this information would not in any way inform the public about how Chase conducts its investigations.

Moreover, the motion filed in the Monarch Case was filed and heard in mid-2024, before the matter of debanking by national banks became a public matter. This matter first obtained publicity after Donald Trump was re-elected president in late 2024, after which this matter gained significant public attention most recently by President Trump de-classifying Operation Cross Fire documents which also relate to the Russian collusion vaguely referenced in the AML interdiction list requests. In light of the now-public nature of the controversy involved in this lawsuit, already garnering the publication of articles and interest of journalists, Plaintiffs submit that Chase cannot carry its heavy burden to keep these documents concealed as confidential from the public.

## Conclusion

For these reasons, Plaintiffs request that the Court grant the Motion.

Date: April 8, 2025

Respectfully submitted,

By: /s/ *Joshua R. Kon, Esq.*
**STOK KON + BRAVERMAN**
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)

*Counsel to Plaintiffs Sinai Holdings, LLC and*
*Jacob Gitman*