**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit B. This Court shall issue the Letter of Request in the form appearing as Exhibit B in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if SPI Investment Fund SPC – a Cayman Island entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from SPI Investment Fund is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

3

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1.    **Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2.      Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**3.      Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4.    Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5.    (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D. Fla.).

6.    **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

7

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**7.** **(a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner— allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

**8.     (a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order SPI Investment Fund to produce copies of documents as described in Exhibit 1 from:

> SPI Investment Fund SPC
> c/o FTI Consulting (Cayman) Ltd.
> Suite 3206, 53 Market Street
> Camana Bay
> PO Box 30613
> Grand Cayman, KY1-1203
> Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

**9.     Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this

Requesting Court believes that SPI Investment Fund may have the documents set forth in Exhibit 1 in its possession, custody, or control.

**10.   Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that SPI Investment Fund provide general information regarding any responsive documents in its possession over which it claims privilege.

**11.   Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

> *Counsel for Defendant:*
>
> Eliot Pedrosa, Esq.
> Fla. Bar No. 182443
> Taylor Cavaliere Jones, Esq.
> Fla. Bar No. 1040247
> JONES DAY
> 600 Brickell Ave, Suite 3300
> Miami, FL 33131
> Telephone: (305) 714-9700
> Facsimile: (305) 713-9799
> Email: epedrosa@jonesday.com
> Email: tcavaliere@jonesday.com
>
> Anthony J. Dick (pro hac vice)
> JONES DAY
> 51 Louisiana Ave. NW
> Washington, DC 20001-2113
> Telephone: 202-879-3939
> Facsimile: 202-626-1700
> Email: ajdick@jonesday.com
>
> Andrew J. Clopton (pro hac vice)

JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**12.    Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

**13.    The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1. "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.    "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.    "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.    "You" and "Your" refer to SPI Investment Fund SPC and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.    "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.    Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.    Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.    Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf. If You cannot respond to these requests in full after exercising due diligence to

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No. 60], which sought a narrower protective order focused only on specific documents or targeted redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

    1.    **Designation of Confidential Matter**.  Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2. **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3. **Scope**. The limitation of prohibition of this Order shall apply to:

(A)     all information designated as CONFIDENTIAL pursuant to this Order;

(B)     portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C) portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4. **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.     **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.     **Authorized Persons**.  Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)     Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)     Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)     Service contractors (such as e-discovery vendors or copy services);

(D)     Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)     The Court or persons employed by the Court and the jury;

(F)     Trial consultants and mock jurors retained by outside counsel of record;

(G)     Duly qualified court reporters and videographers participating in these proceedings;

(H)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)     Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)     Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.      **Restrictions on Reproduction of Confidential Matter**.   There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.      **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14.    **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15.    **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16.    **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17.    **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.     **Party's Own Use.**  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.     **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

_____

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

       Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

      THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

          Signature: _____

          Print Name: _____

          Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126].  The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit C. This Court shall issue the Letter of Request in the form appearing as Exhibit C in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if Cayman Investment Funds Master SPC – a Cayman Island entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from Cayman Investment Funds Master SPC is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1.     **Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

4

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2.      Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**3.      Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5.     (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

6

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

6.    **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**7.      (a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner—allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written allegedly defamatory statements, and two claims for injunctive relief to prevent Chase from making further statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

**8.      (a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order Cayman Investment Funds Master SPC to produce copies of documents as described in Exhibit 1 from:

> Cayman Investment Funds Master SPC
> c/o North America Opportunity Master
> 23 Lime Tree Bay Ave.
> George Town
> Grand Cayman, KY1-1002
> Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

**9.      Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this Requesting Court believes that Cayman Investment Funds Master SPC may have the documents set forth in Exhibit 1 in its possession, custody, or control.

10.     **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that Cayman Investment Funds Master SPC provide general information regarding any responsive documents in its possession over which it claims privilege.

11.     **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

> *Counsel for Defendant:*
>
> Eliot Pedrosa, Esq.
> Fla. Bar No. 182443
> Taylor Cavaliere Jones, Esq.
> Fla. Bar No. 1040247
> JONES DAY
> 600 Brickell Ave, Suite 3300
> Miami, FL 33131
> Telephone: (305) 714-9700
> Facsimile: (305) 713-9799
> Email: epedrosa@jonesday.com
> Email: tcavaliere@jonesday.com
>
> Anthony J. Dick (pro hac vice)
> JONES DAY
> 51 Louisiana Ave. NW
> Washington, DC 20001-2113
> Telephone: 202-879-3939
> Facsimile: 202-626-1700
> Email: ajdick@jonesday.com
>
> Andrew J. Clopton (pro hac vice)
> JONES DAY
> 150 West Jefferson, Suite 2100

Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**12.    Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

**13.    The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

13

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**

14

**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

_Patk m / lt_

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

15

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.    "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.     "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.     "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.     "You" and "Your" refer to Cayman Investment Funds Master SPC and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.     "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.     Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.     Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.     Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf. If You cannot respond to these requests in full after exercising due diligence to

18

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

19

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

      Defendant.

                               /

## PROTECTIVE ORDER GOVERNING DISCOVERY OF
## CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for

Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed

an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully

advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No.

60], which sought a narrower protective order focused only on specific documents or targeted

redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the

designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as

follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set

forth below with respect to certain documents, information, or testimony provided or exchanged in

these or related actions or proceedings.

1.    **Designation of Confidential Matter**.  Information or documents that may be

produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2. **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3. **Scope**. The limitation of prohibition of this Order shall apply to:

(A)     all information designated as CONFIDENTIAL pursuant to this Order;

(B)     portions of transcripts or videotapes of depositions or other testimony that refer
           or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.      **<u>Disagreement Between the Parties About Confidential Designation</u>**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.      **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.      **Authorized Persons**.  Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)      Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)      Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)      Service contractors (such as e-discovery vendors or copy services);

(D)      Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)      The Court or persons employed by the Court and the jury;

(F)      Trial consultants and mock jurors retained by outside counsel of record;

(G)      Duly qualified court reporters and videographers participating in these proceedings;

(H)      Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)      Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)      Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.      **Restrictions on Reproduction of Confidential Matter**. There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.      **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14. **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15. **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16. **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17. **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.     **Party's Own Use.**  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.     **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

       Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

      THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

             Signature:    _____

             Print Name:  _____

             Date Signed:  _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORYFOR TAKING EVIDENCE**

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit D. This Court shall issue the Letter of Request in the form appearing as Exhibit D in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if International Capital Allocation, Ltd. – a Cayman Island entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from International Capital Allocation, Ltd. is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

3

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1. **Sender**

   Defendant JP Morgan Chase Bank, N.A.
   c/o Eliot Pedrosa, Esq.
   Fla. Bar No. 182443
   Taylor Cavaliere Jones, Esq.
   Fla. Bar No. 1040247
   JONES DAY
   600 Brickell Ave, Suite 3300
   Miami, FL 33131
   Telephone: (305) 714-9700
   Facsimile: (305) 713-9799
   Email: epedrosa@jonesday.com
   Email: tcavaliere@jonesday.com

   Anthony J. Dick (pro hac vice)
   JONES DAY
   51 Louisiana Ave. NW
   Washington, DC 20001-2113
   Telephone: 202-879-3939
   Facsimile: 202-626-1700
   Email: ajdick@jonesday.com

   Andrew J. Clopton (pro hac vice)
   JONES DAY
   150 West Jefferson, Suite 2100
   Detroit, MI 48226-4438
   Telephone: 313-733-3939
   Facsimile: 313-230-7997
   Email: aclopton@jonesday.com

   Amanda Dollinger (pro hac vice)
   JONES DAY
   250 Vesey Street
   New York, NY 10281-1047
   Telephone: (212) 326-3939
   Facsimile: (212) 755-7306
   Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

2.     **Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

3.     **Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5. **(a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

6

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

6.    **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

7.      **(a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner—allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

10

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

8.      **(a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order International Capital Allocation, Ltd. to produce copies of documents as described in Exhibit 1 from:

>  International Capital Allocation, Ltd.
>  c/o FTI Consulting (Cayman) Ltd.
>  Suite 3206, 53 Market Street
>  Camana Bay
>  PO Box 30613
>  Grand Cayman, KY1-1203
>  Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

9.      **Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this

Requesting Court believes that International Capital Allocation, Ltd. may have the documents set forth in Exhibit 1 in its possession, custody, or control.

10.    **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that International Capital Allocation, Ltd. provide general information regarding any responsive documents in its possession over which it claims privilege.

11.    **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

12

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

12. **Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

13. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**

**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.    "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.     "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.     "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.     "You" and "Your" refer to International Capital Allocation, Ltd and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.     "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.     Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.     Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.     Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf.  If You cannot respond to these requests in full after exercising due diligence to

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No. 60], which sought a narrower protective order focused only on specific documents or targeted redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

1.    **Designation of Confidential Matter**.  Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2.  **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3.  **Scope**. The limitation of prohibition of this Order shall apply to:

(A)     all information designated as CONFIDENTIAL pursuant to this Order;

(B)     portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.     **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.      **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.      **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)     Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)     Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)     Service contractors (such as e-discovery vendors or copy services);

(D)     Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)     The Court or persons employed by the Court and the jury;

(F)     Trial consultants and mock jurors retained by outside counsel of record;

(G)     Duly qualified court reporters and videographers participating in these proceedings;

(H)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)     Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)     Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.      **Restrictions on Reproduction of Confidential Matter**.   There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.      **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14. **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15. **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16. **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17. **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.     **Party's Own Use.**  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.     **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

     **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

        Signature: _____

        Print Name: _____

        Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit E. This Court shall issue the Letter of Request in the form appearing as Exhibit E in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if International Portfolio Allocation, Ltd. – a Cayman Island entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from International Portfolio Allocation, Ltd. is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

3

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1.    **Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

4

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2.** **Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**3.** **Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days

of service of the Letter of Request in order to ensure that the evidence may be obtained prior to

the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED**

**APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5.     (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

7

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**7.      (a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner— allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

9

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

**8.     (a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order International Portfolio Allocation, Ltd. to produce copies of documents as described in Exhibit 1 from:

> International Portfolio Allocation, Ltd.
> c/o DDM Corporate Ltd.
> 3rd Floor, One Capital Place
> P.O. Box 10190
> George Town
> Grand Cayman, KY-1002
> Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

**9.     Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this

Requesting Court believes that International Portfolio Allocation, Ltd. may have the documents set forth in Exhibit 1 in its possession, custody, or control.

**10.  Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that International Portfolio Allocation, Ltd. provide general information regarding any responsive documents in its possession over which it claims privilege.

**11.  Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**12.    Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

13

13.    **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

> Eliot Pedrosa, Esq.
> Fla. Bar No. 182443
> Taylor Cavaliere Jones, Esq.
> Fla. Bar No. 1040247
> JONES DAY
> 600 Brickell Ave, Suite 3300
> Miami, FL 33131
> Telephone: (305) 714-9700
> Facsimile: (305) 713-9799
> Email: epedrosa@jonesday.com
> Email: tcavaliere@jonesday.com
>
> Anthony J. Dick (pro hac vice)
> JONES DAY
> 51 Louisiana Ave. NW
> Washington, DC 20001-2113
> Telephone: 202-879-3939
> Facsimile: 202-626-1700
> Email: ajdick@jonesday.com
>
> Andrew J. Clopton (pro hac vice)
> JONES DAY
> 150 West Jefferson, Suite 2100
> Detroit, MI 48226-4438
> Telephone: 313-733-3939
> Facsimile: 313-230-7997
> Email: aclopton@jonesday.com
>
> Amanda Dollinger (pro hac vice)
> JONES DAY
> 250 Vesey Street
> New York, NY 10281-1047
> Telephone: (212) 326-3939
> Facsimile: (212) 755-7306
> Email: adollinger@jonesday.com

**DATE OF REQUEST:**

**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

15

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.      "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.      "You" and "Your" refer to International Portfolio Allocation, Ltd. and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.      "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.      Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.      Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf.  If You cannot respond to these requests in full after exercising due diligence to

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

20

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No. 60], which sought a narrower protective order focused only on specific documents or targeted redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

1.   **Designation of Confidential Matter**.   Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2. **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3. **Scope**. The limitation of prohibition of this Order shall apply to:

(A)     all information designated as CONFIDENTIAL pursuant to this Order;

(B)     portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)    portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.    **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.     **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.     **Authorized Persons**.  Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)     Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)     Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)     Service contractors (such as e-discovery vendors or copy services);

(D)     Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)     The Court or persons employed by the Court and the jury;

(F)     Trial consultants and mock jurors retained by outside counsel of record;

(G)     Duly qualified court reporters and videographers participating in these proceedings;

(H)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)     Witnesses in preparation for or in the course of depositions or the trial of this

matter; and

(J)     Any other person who is later designated as an Authorized Person either by

(i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed
in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the
Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached
as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this
Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any
person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated
as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there
is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter
must first obtain Court approval.

7.      **Restrictions on Reproduction of Confidential Matter**.   There shall be no
reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial
of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or
given to those persons authorized to receive such information pursuant to this Order. However,
confidential documents may be scanned into a computer imaging system or database for the purpose
of litigation management, without express written consent, so long as such computer files will be
destroyed or returned to the designating Party at the end of the litigation in compliance with this
Order.

8.      **Restrictions on Dissemination**. No person who examines any item produced pursuant
to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9.    **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10.    **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11. **No Waiver of Confidentiality**. The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12. **Receipt of Request for Confidential Matter**. In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13. **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14. **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15. **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16. **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17. **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.    **Party's Own Use.**  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.    **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

       Defendant.

_____/

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

Signature: _____

Print Name: _____

Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit F. This Court shall issue the Letter of Request in the form appearing as Exhibit F in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23 rd day of J u n e 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC – individuals in the Cayman Islands – produce documents in their possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC, is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

1

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1.    **Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

2

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

2.      **Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

3.      **Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

3

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

4.     **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5.     **(a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

4

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

6. **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY

6

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

7.      **(a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman—a medical services company that owns and operates medical-related businesses and its owner—allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

8. **(a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC, to produce copies of documents as described in Exhibit 1 from:

> Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC
> c/o FTI Consulting (Cayman) Ltd.
> Suite 3206, 53 Market Street
> Camana Bay
> PO Box 30613
> Grand Cayman, KY1-1203
> Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

9. **Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this

Requesting Court believes that Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC, may have the documents set forth in Exhibit 1 in their possession, custody, or control.

10.    **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC, provide general information regarding any responsive documents in their possession over which they claim privilege.

11.    **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939

Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

12. **Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

11

13. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

15

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4. "You" and "Your" refer to Andrew Morrison, David Griffin, and Iain Gow, Liquidators of SPI Investment Fund SPC, and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6. "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7. Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8. Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9. Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf. If You cannot respond to these requests in full after exercising due diligence to

16

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

17

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

            Plaintiffs,

v.

 JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

            Defendant.
_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No. 60], which sought a narrower protective order focused only on specific documents or targeted redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

1.   **Designation of Confidential Matter**.   Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2.  **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3.  **Scope**. The limitation of prohibition of this Order shall apply to:

(A)  all information designated as CONFIDENTIAL pursuant to this Order;

(B)  portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)    portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.    **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5. **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6. **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)   Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)   Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)   Service contractors (such as e-discovery vendors or copy services);

(D)   Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)   The Court or persons employed by the Court and the jury;

(F)   Trial consultants and mock jurors retained by outside counsel of record;

(G)   Duly qualified court reporters and videographers participating in these proceedings;

(H)   Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)     Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)     Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.     **Restrictions on Reproduction of Confidential Matter**.  There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.     **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9.      **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10.      **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11. **No Waiver of Confidentiality**. The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12. **Receipt of Request for Confidential Matter**. In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13. **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14.    **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15.    **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16.    **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17.    **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.   **Party's Own Use**.  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.   **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

      Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

Signature: _____

Print Name: _____

Date Signed: _____

-10-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

     Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

**THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

     **ORDERED AND ADJUDGED** that:

     The Motion is **GRANTED** as to Exhibit G. This Court shall issue the Letter of Request in the form appearing as Exhibit G in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

     **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd. and International Portfolio Allocation Ltd. – individuals in the Cayman Islands – produce documents in their possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd.

3

and International Portfolio Allocation Ltd., is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1.    **Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939

Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

2.    **Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

3.    **Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5. **(a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse

6

299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

6.    **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865

7

(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.
1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

8

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

7.       **(a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner— allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the

injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation.  The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

8. **(a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Cayman Islands order David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd. and International Portfolio Allocation Ltd., to produce copies of documents as described in Exhibit 1 from:

> David Griffin and Yvonne Plamondon, Liquidators of International Capital
> Allocation Ltd. and International Portfolio Allocation Ltd.
> c/o FTI Consulting (Cayman) Ltd.
> Suite 3206, 53 Market Street
> Camana Bay
> PO Box 30613
> Grand Cayman, KY1-1203
> Cayman Islands

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

9. **Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted

against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this Requesting Court believes that David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd. and International Portfolio Allocation Ltd. may have the documents set forth in Exhibit 1 in their possession, custody, or control.

10.     **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd. and International Portfolio Allocation Ltd. provide general information regarding any responsive documents in their possession over which they claim privilege.

11.     **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)

12

JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

12. **Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

13

13.   **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified

if reimbursement is to be sought for any costs or fees that may be incurred:

> Eliot Pedrosa, Esq.
> Fla. Bar No. 182443
> Taylor Cavaliere Jones, Esq.
> Fla. Bar No. 1040247
> JONES DAY
> 600 Brickell Ave, Suite 3300
> Miami, FL 33131
> Telephone: (305) 714-9700
> Facsimile: (305) 713-9799
> Email: epedrosa@jonesday.com
> Email: tcavaliere@jonesday.com
>
> Anthony J. Dick (pro hac vice)
> JONES DAY
> 51 Louisiana Ave. NW
> Washington, DC 20001-2113
> Telephone: 202-879-3939
> Facsimile: 202-626-1700
> Email: ajdick@jonesday.com
>
> Andrew J. Clopton (pro hac vice)
> JONES DAY
> 150 West Jefferson, Suite 2100
> Detroit, MI 48226-4438
> Telephone: 313-733-3939
> Facsimile: 313-230-7997
> Email: aclopton@jonesday.com
>
> Amanda Dollinger (pro hac vice)
> JONES DAY
> 250 Vesey Street
> New York, NY 10281-1047
> Telephone: (212) 326-3939
> Facsimile: (212) 755-7306
> Email: adollinger@jonesday.com

14

**DATE OF REQUEST:**

**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

### DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.    "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.     "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.     "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.     "You" and "Your" refer to David Griffin and Yvonne Plamondon, Liquidators of International Capital Allocation Ltd. and International Portfolio Allocation Ltd., and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.     "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.     Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.     Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.     Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting

18

on Your behalf. If You cannot respond to these requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

19

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

**PROTECTIVE ORDER GOVERNING DISCOVERY OF
CONFIDENTIAL INFORMATION**

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for

Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed

an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully

advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No.

60], which sought a narrower protective order focused only on specific documents or targeted

redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the

designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as

follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set

forth below with respect to certain documents, information, or testimony provided or exchanged in

these or related actions or proceedings.

1.    **Designation of Confidential Matter**.  Information or documents that may be

produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2.    **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3.    **Scope**. The limitation of prohibition of this Order shall apply to:

(A)    all information designated as CONFIDENTIAL pursuant to this Order;

(B)    portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.     **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.   **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.   **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)   Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)   Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)   Service contractors (such as e-discovery vendors or copy services);

(D)   Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)   The Court or persons employed by the Court and the jury;

(F)   Trial consultants and mock jurors retained by outside counsel of record;

(G)   Duly qualified court reporters and videographers participating in these proceedings;

(H)   Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)     Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)     Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.     **Restrictions on Reproduction of Confidential Matter**.  There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.     **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9.      **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10.      **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14.     **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15.     **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16.     **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17.     **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.   **Party's Own Use.**  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.   **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

Signature: _____

Print Name: _____

Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

**THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit H. This Court shall issue the Letter of Request in the form appearing as Exhibit H in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 126]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

**TRIBUNAL DE DISTRICT DES ÉTATS-UNIS, DISTRICT SUD DE LA FLORIDE, DIVISION DE FORT LAUDERDALE**

N° de l'affaire : 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
et JACOB GITMAN,

      Demandeurs,

c.

JPMORGAN CHASE BANK, N.A.,

      Défenderesse.

_____/

## DEMANDE D'ENTRAIDE JUDICIAIRE INTERNATIONALE EN VERTU DE LA CONVENTION DE LA HAYE DU 18 MARS 1970 SUR L'OBTENTION DES PREUVES À L'ÉTRANGER EN MATIÈRE CIVILE OU COMMERCIALE

L'honorable William P. Dimitrouleas, juge de district des États-Unis de la Cour de district des États-Unis pour le district sud de la Floride, demande par la présente l'entraide judiciaire internationale en vertu de la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves en matière civile ou commerciale (la « Convention de La Haye sur les preuves »), afin d'obtenir des preuves qui seront utilisées dans la procédure civile susmentionnée en cours devant ce Tribunal (la « Procédure Civile Américaine »).

La Cour a statué qu'il serait dans l'intérêt de la justice qu'Invescap SA – une entité suisse – produise des documents en sa possession, pertinents aux questions en litige dans le cadre de la Procédure Civile Américaine.

Cette Demande a été faite à la demande de la défenderesse JP Morgan Chase Bank, N.A. (« Chase »), qui a informé la Cour que le transfert des renseignements et des éléments de preuve demandés à Invescap SA est pertinent et nécessaire pour trancher en bonne et due forme les questions en litige entre les parties dans cette affaire.

CERT. PROPIO                      1

Après avoir examiné les arguments de Chase, le Tribunal a conclu que la présente Demande est nécessaire dans l'intérêt de la justice pour que les questions en litige entre les parties à la procédure en instance puissent être tranchées pleinement et équitablement.

1.      **Expéditeur**

Partie défenderesse JP Morgan Chase Bank, N.A.
a/s Eliot Pedrosa, Esq.
Barreau de la Floride n°182443
Taylor Cavaliere Jones, Esq.
Barreau de la Floride
n°1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Téléphone : (305) 714-9700
Facsimilé : (305) 713-9799
Courriel : epedrosa@jonesday.com
Messagerie électronique : tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Téléphone : 202-879-3939
Facsimilé : 202-626-1700
Courriel : ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Téléphone : 313-733-3939
Facsimilé : 313-230-7997
Courriel : aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Téléphone : (212) 326-3939
Facsimilé : (212) 755-7306
Messagerie électronique : adollinger@jonesday.com

*Tel qu'autorisé par :*

L'honorable William P. Dimitrouleas
Juge de district des États-Unis
Tribunal de district des États-Unis pour le district sud de la Floride
Bâtiment fédéral et palais de justice des États-Unis
299 East Broward Boulevard
Salle d'audience 205B, Chambers 205F
Fort Lauderdale, Floride 33301

2.      **Autorité centrale de l'État requis**

Suisse
Tribunal civil - Tribunal de grande instance
Rue de l'Athénée 6-8
Boîte postale 3736
1211 Genève 3

3.      **Personne à qui la demande exécutée doit être renvoyée**

Partie défenderesse JP Morgan Chase Bank, N.A.
a/s Eliot Pedrosa, Esq.
Barreau de la Floride n° ° 182443
Taylor Cavaliere Jones, Esq.
Barreau de la Floride
n°1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Téléphone : (305) 714-9700
Facsimilé : (305) 713-9799
Courriel : epedrosa@jonesday.com
Messagerie électronique: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Téléphone : 202-879-3939
Facsimilé : 202-626-1700
Courriel : ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Téléphone : 313-733-3939

Facsimilé : 313-230-7997
Courriel : aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Téléphone : (212) 326-3939
Facsimilé : (212) 755-7306
Messagerie électronique : adollinger@jonesday.com

*Au nom de :*

L'honorable William P. Dimitrouleas
Juge de district des États-Unis
Tribunal de district des États-Unis pour le district sud de la Floride
Bâtiment fédéral et palais de justice des États-Unis
299 East Broward Boulevard
Salle d'audience 205B, Chambers 205F Fort
Lauderdale, Floride 33301

**4.      Indication de la date à laquelle l'autorité requérante exige la réception de la réponse à la lettre rogatoire**

Une réponse est demandée dès que raisonnablement possible et, en tout état de cause, dans les 30 jours suivant la signification de la lettre rogatoire afin de s'assurer que les éléments de preuve peuvent être obtenus avant la clôture du processus de découverte [discovery] dans le cadre de la Procédure Civile Américaine prévue pour le vendredi 11 juillet 2025.

**CONFORMÉMENT À L'ARTICLE 3 DE LA CONVENTION, LE DEMANDEUR**

**SOUSSIGNÉ A L'HONNEUR DE PRÉSENTER LA DEMANDE SUIVANTE :**

**5.      (a) Autorité judiciaire requérante (article 3, a))**

L'honorable William P. Dimitrouleas
Juge de district des États-Unis
Tribunal de district des États-Unis pour le district sud de la Floride
Bâtiment fédéral et palais de justice des États-Unis
299 East Broward Boulevard
Salle d'audience 205B, Chambers 205F
Fort Lauderdale, Floride 33301

CERT. PROPIO                                    4

**(b) A l'autorité compétente de (article 3, a))**

Suisse
Tribunal civil - Tribunal de grande
instance Rue de l'Athénée 6-8
Boîte postale 3736
1211 Genève 3

**(c) Nom de l'affaire et numéro d'identification éventuel**

*Sinai Holdings, LLC et al c. JPMorgan Chase Bank, N.A.*, Affaire n° 0:23CV62159 (S.D.
Fla.).

6.    **Nom et adresse des parties et de leurs représentants (y compris leurs représentants dans l'État requis) (article 3, point b))**

**(a) Demandeurs et Représentants**

Demandeurs Sinai Holdings, LLC et Jacob Gitman
a/s STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tél. : (954) 237-1777
Facsimilé : (954) 237-1737
Messagerie électronique: service@stoklaw.com

JOSHUA R. KON, ESQ.
Barreau de la Floride n° 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Barreau de la Floride n° 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Barreau de la Floride n° 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ
Barreau de la Floride n° 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.
1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Téléphone : (954) 320-9507
Facsimilé : 954-320-9509
Messagerie électronique : SLOPA.Service@Schlesingerlaw.com

CERT. PROPIO                     5

DAVID SILVERMAN, ESQ.
Bar de la Floride #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Bar de la Floride # 32097
jgdanski@schlesingerlaw.com

**(b) Partie Défenderesse et Représentants**

Partie défenderesse JP Morgan Chase Bank,
N.A. a/s Eliot Pedrosa, Esq.
Barreau de la Floride n° 182443
Taylor Cavaliere Jones, Esq.
Barreau de la Floride n°
1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Téléphone : (305) 714-9700
Facsimilé : (305) 713-9799
Courriel : epedrosa@jonesday.com
Messagerie électronique: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Téléphone : 202-879-3939
Facsimilé : 202-626-1700
Courriel : ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Téléphone : 313-733-3939
Facsimilé : 313-230-7997
Courriel : aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Téléphone : (212) 326-3939
Facsimilé : (212) 755-7306
Messagerie électronique : adollinger@jonesday.com

CERT. PROPIO                                    6

### 7.    (a) Nature de la procédure (article 3, point c))

L'affaire en cours ci-dessus est une procédure civile devant le tribunal de district des États-Unis pour le district sud de la Floride. Les demandeurs font valoir des réclamations contre Chase pour diffamation et ingérence délictuelle découlant de déclarations prétendument diffamatoires faites aux clients des demandeurs et à leurs cessionnaires en rapport avec des virements bancaires annulés provenant ou intermédiés par des comptes chez Chase.

### (b) Résumé de la plainte

Les demandeurs Sinai Holdings, LLC et Jacob Gitman – une société de services médicaux qui possède et exploite des entreprises liées à la médecine et son propriétaire – allèguent que Chase les a diffamés et a interféré avec leurs relations d'affaires en leur plaçant sur une « liste d'interdiction » interne et en faisant des déclarations diffamatoires à leurs clients, fournisseurs, prêteurs et autres associés. Les demandeurs affirment que les déclarations de Chase impliquaient que les demandeurs faisaient l'objet de sanctions ou étaient impliqués dans des activités criminelles, ce qui a nui à leur réputation et à leur valeur commerciale.

Les demandeurs ont déposé leur plainte initiale en novembre 2023, faisant valoir deux plaintes pour diffamation (libelle) basées sur les déclarations écrites de Chase, et deux demandes d'injonction pour empêcher Chase de faire d'autres déclarations prétendument diffamatoires et pour exiger de Chase qu'elle se rétracte ou corrige ses déclarations précédentes. Chase a demandé le rejet de la plainte, faisant valoir que les allégations de diffamation étaient empêchées par un jugement antérieur dans une affaire connexe et que les demandeurs ne présentaient pas de revendications valides autrement. Chase a également fait valoir que les demandes d'injonction étaient interdites par la loi de la Floride et plaidées à tort comme des causes d'action distinctes. Ce Tribunal a rejeté les demandes d'injonction, mais a refusé de se prononcer sur l'argument sur l'empêchement en raison du jugement antérieur et d'autres arguments concernant les actions en diffamation à l'étape de la requête en irrecevabilité. Le Tribunal a accordé aux demandeurs

l'autorisation de déposer une plainte modifiée.

Les demandeurs ont déposé leur plainte modifiée en août 2024, ajoutant quatre nouvelles réclamations : deux actions en diffamation (calomnie) fondées sur les déclarations orales de Chase, une action en justice pour ingérence délictuelle dans les relations d'affaires et une demande en jugement déclaratoire en vertu de la loi fédérale sur les jugements déclaratoires. Les demandeurs réclament des dommages-intérêts et une injonction pour leurs réclamations. Chase a demandé le rejet des nouvelles demandes, arguant qu'elles sont sans fondement, redondantes et/ou insuffisamment plaidées. Le Tribunal a refusé de rejeter la poursuite, « du moins à ce stade de la procédure ».

### (c) Résumé de la défense et des demandes reconventionnelles

Les déclarations de Chase en cause dans cette poursuite sont protégées par l'immunité relative, comme le Tribunal l'a convenu dans un litige connexe. Le privilège s'applique en l'espèce parce que Chase a fait des déclarations à ses clients ou à des banques intermédiaires au sujet d'une question d'intérêt commercial commun — *c.-à-d.*, expliquant pourquoi la banque n'a pas pu traiter leurs transactions. Chase n'a pas renoncé à ce privilège parce qu'elle n'a pas agi avec une « malveillance expresse », car les déclarations étaient basées sur ses processus opérationnels habituels et n'étaient pas destinées à nuire aux plaignants.

Les déclarations en cause ne sont pas non plus fausses. Les déclarations affirmaient que les transactions avaient été bloquées en raison de sanctions « et/ou » de la politique interne de Chase, ce qui est vrai si les sanctions ou la politique interne en étaient la raison.

Enfin, cette poursuite est irrecevable en raison de *res judicata* [*claim preclusion*] et la préclusion découlant de questions déjà tranchées [*issue preclusion*], car le Tribunal a déjà résolu les réclamations des demandeurs dans un litige connexe. Les demandeurs dans le litige connexe (Monarch Air Group (« Monarch ») et David Gitman) sont en lien avec les demandeurs dans la présente poursuite. Jacob Gitman, le directeur de Sinai, est le père de David Gitman. Jacob Gitman a publiquement proclamé son

affiliation à Monarch en tant qu'actionnaire minoritaire et membre directeur. De plus, Jacob Gitman et Monarch sont co-demandeurs dans d'autres actions en cours et ont partagé le même avocat.

**8.      (a) Preuves à obtenir ou autre acte judiciaire à accomplir (article 3, d))**

Il est respectueusement demandé à une autorité judiciaire de la Suisse d'ordonner à Invescap SA de produire des copies des documents tels que décrits dans la Pièce 1 à partir de :

> Invescap SA
> Grand-Rue 24
> CH-1204 Genève, Suisse

**(b) Objet de la preuve ou de l'acte judiciaire recherché**

Les éléments de preuve recherchés dans la présente demande sont destinés à être utilisés dans le cadre de la Procédure Civile Américaine entre les demandeurs et Chase actuellement en cours devant le tribunal américain susmentionné. Les documents recherchés sont importants pour la question des dommages-intérêts des demandeurs. Au cours du processus de découverte [*discovery*], le demandeur Sinai Holdings, LLC a identifié plusieurs entités étrangères qui auraient accepté de fournir un financement aux demandeurs, mais qui ont par la suite retiré leur soutien en raison des déclarations prétendument diffamatoires que Chase a prononcées. Les documents que Chase cherche à obtenir de ces entités étrangères nommées sont essentiels pour étayer les allégations de diffamation des demandeurs et tout dommage allégué lié à ces prêteurs étrangers.

**9.      Documents ou autres biens à inspecter (article 3, g))**

Chase cherche à obtenir des preuves documentaires pertinentes, comme décrit dans la Pièce 1. Le transfert des documents et des informations demandés est nécessaire à la défense de Chase contre les réclamations qui lui sont faites dans le cadre de la Procédure Civile Américaine. Sur la base des faits et des questions qui lui ont été présentés, le Tribunal requérant estime qu'Invescap SA peut avoir en sa possession, sous sa garde ou sous son contrôle les documents énoncés à la Pièce 1.

10. **Méthodes ou procédures spéciales à suivre (articles 3 i) et 9))**

Sauf dans la mesure où ces règles sont incompatibles avec le droit suisse, il est respectueusement demandé que les réponses aux demandes de production suivent les instructions énoncées ; dans la Pièce 1, qui sont conformes aux lignes directrices procédurales des États-Unis, plus précisément, aux Règles fédérales de procédure civile. Il est en outre demandé à Invescap SA de fournir des informations générales concernant tous les documents pertinents en sa possession sur lesquels elle revendique un privilège.

11. **Demande de notification de la date, de l'heure et du lieu d'exécution de la Demande ainsi que de l'identité et de l'adresse de toute personne à notifier (article 7)**

Les soussignés demandent qu'ils soient notifiés de la date, de l'heure et du lieu de l'exécution de la Demande aux personnes suivantes :

*Avocats de la défenderesse :*

Eliot Pedrosa, Esq.
Barreau de la Floride
n° 182443
Taylor Cavaliere Jones, Esq.
Barreau de la Floride n°
1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Téléphone : (305) 714-9700
Facsimilé : (305) 713-9799
Courriel : epedrosa@jonesday.com
Messagerie électronique: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Téléphone : 202-879-3939
Facsimilé : 202-626-1700
Courriel : ajdick@jonesday.com

CERT. PROPIO                              10

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Téléphone : 313-733-3939
Facsimilé : 313-230-7997
Courriel : aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Téléphone : (212) 326-3939
Facsimilé : (212) 755-7306
Messagerie électronique : adollinger@jonesday.com

*Au nom de :*

L'honorable William P. Dimitrouleas
Juge de district des États-Unis
Tribunal de district des États-Unis pour le district sud de la Floride
Bâtiment fédéral et palais de justice des
États-Unis 299 East Broward
Boulevard Salle d'audience 205B,
Chambers 205F Fort Lauderdale,
Floride 33301

## 12. Spécification du privilège ou de l'obligation de refuser de témoigner en vertu de la loi de l'État ou de l'origine (article 11, b))

Toutes les preuves documentaires à fournir dans le cadre de la Demande seront soumises à toute revendication de privilège applicable disponible en vertu de la loi des États-Unis et/ou de la loi de la Suisse. Si des documents sont retenus pour de tels motifs, une déclaration à cet effet doit être fournie indiquant quels documents sont retenus ou expurgés et la nature du privilège invoqué.

## 13. Les honoraires et frais exposés qui sont remboursables en vertu de l'article 14, deuxième alinéa, ou de l'article 26 de la Convention sont à la charge de :

Les avocats de la défenderesse Chase supporteront les frais et demande respectueusement qu'ils soient informés si le remboursement des frais ou honoraires qui pourraient être encourus doit être demandé :

CERT. PROPIO                              11

Eliot Pedrosa, Esq.
Barreau de la Floride
n° 182443
Taylor Cavaliere Jones, Esq.
Barreau de la Floride n°
1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Téléphone : (305) 714-9700
Facsimilé : (305) 713-9799
Messagerie électronique : epedrosa@jonesday.com
Messagerie électronique : tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Téléphone : 202-879-3939
Facsimilé : 202-626-1700
Courriel : ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Téléphone : 313-733-3939
Facsimilé : 313-230-7997
Courriel : aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Téléphone : (212) 326-3939
Facsimilé : (212) 755-7306
Messagerie électronique : adollinger@jonesday.com

**DATE DE LA DEMANDE :**

**SIGNATURE ET SCEAU DE L'AUTORITÉ REQUÉRANTE :**

**PATRICK M. HUNT**
**JUGE MAGISTRAT DES ÉTATS-UNIS**

CERT. PROPIO                12

# PIÈCE 1

## DÉFINITIONS ET INSTRUCTIONS

Dans le présent document, les mots et expressions ci-dessous ont les définitions suivantes.

1.      Le terme « Document » est utilisé dans le sens le plus large envisagé par la règle fédérale de procédure civile 45 et comprend, sans s'y limiter, les éléments suivants : accords ; projets ; communications ; correspondance ; e-mails ; télégrammes ; câbles ; fac-similés ; protocoles ; archives ; livres ; états financiers ; des résumés de comptes rendus ou de notes de conversations personnelles ou d'entretiens ; journaux ; calendriers ; prévisions ; déclarations statistiques ; documents de travail des comptables ; graphiques ; diagrammes ; cartes ; schémas ; des plans bleus ; tableaux ; index ; photos ; enregistrements ; bandes ; microfilm ; clips de charge ; comptes ; dossiers analytiques ; procès-verbaux ou comptes rendus de réunions ou de conférences ; rapports et/ou résumés d'enquêtes ; opinions ou rapports de consultants ; évaluations ; rapports et/ou résumés des négociations ; brochures ; dépliants ; circulaires ; lettres commerciales ; communiqués ; contrats ; notes sténographiques, manuscrites ou autres ; projections ; documents de travail ; déclarations de revenus fédérales et étatiques ; chèques, recto et verso ; talons de chèque ou reçus ; les documents d'expédition ; manifeste ; pièces justificatives de facturation ; impressions d'ordinateur et disques et bandes d'ordinateur ; et les feuilles de données sur bande ou les cartes ou disques de traitement de l'information ou tout autre objet écrit, enregistré, transcrit, perforé, enregistré, filmé ou graphique ; quelle que soit la manière dont ils sont produits ou reproduits.

2.      Le terme « Communication » comprend toute manière de transmettre ou de recevoir des faits, des informations, des opinions ou des pensées d'une personne à une autre personne, que ce soit oralement, par écrit, par courrier électronique ou copie de ceux-ci, et pour des mots transmis par téléphone, radio ou toute méthode d'enregistrement vocal.

3.      « Chase Bank » désigne la partie défenderesse JPMorgan Chase Bank, N.A. et tout agent ou représentant de JPMorgan Chase Bank, N.A..

4.  « Vous » et « Votre » font référence à Invescap SA et à toutes les Personnes agissant ou prétendant agir en son nom, y compris les employés, les entrepreneurs indépendants, les avocats et les agents.

5.  « Et » ou « ou » doit être interprété de manière conjonctive ou disjonctive si nécessaire pour rendre les demandes inclusives plutôt qu'exclusives.

6.  « Lié(e) à » ou « relatif/ve à » signifie soutenir, démontrer, décrire, mentionner, faire référence, contredire, compromettre ou concerner, directement ou indirectement.

7.  La référence au singulier comprend également une référence au pluriel, et la référence au pluriel comprend une référence au singulier.

8.  L'utilisation du présent inclut le passé, et l'utilisation du passé inclut le présent.

9.  Chaque demande vise à obtenir des Documents et des Communications en Votre possession, sous Votre garde ou sous Votre contrôle, où qu'ils se trouvent, que ces informations soient possédées directement par Vous ou Vos dirigeants, agents, employés, avocats, représentants, personnes affiliées ou autres personnes agissant en Votre nom. Si Vous n'êtes pas en mesure de répondre intégralement à ces demandes après avoir fait preuve de diligence raisonnable pour obtenir les Documents demandés, Vous devez l'indiquer et y répondre dans la mesure du possible, en précisant la nature de Votre incapacité à répondre au reste.

10. S'il n'y a pas de Documents répondant à une demande particulière en Votre possession, sous Votre garde ou sous Votre contrôle, fournissez une réponse écrite l'indiquant.

11. Chaque demande doit être interprétée indépendamment et non en référence à une autre demande à des fins de limitation ou d'exclusion.

12. Sauf indication contraire, ces demandes doivent couvrir la période du 1er avril 2019 à la date d'aujourd'hui.

CERT. PROPIO                                    15

13.    Des Documents peuvent être fournis conformément à l'ordonnance de protection rendue dans cette affaire, jointe aux présentes en tant qu'Annexe 1.

## <u>DOCUMENTS DEMANDÉS</u>

1.    Toutes les Communications entre Vous et Chase Bank relatives à Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman), y compris, mais sans s'y limiter, toute tentative de virement bancaire ou d'autres transactions entre Vous et Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman) envoyé(e)s vers ou depuis des comptes à Chase Bank ou à travers de Chase Bank en tant qu'intermédiaire.

2.    Toutes les Communications entre Vous et toute autre personne relatives à un virement bancaire ou à d'autres transactions entre Vous et soit Sinai Holdings, LLC et/ou Jacob Gitman (a/k/a Yakov Gitman) envoyé(e)s vers ou depuis des comptes à Chase Bank ou à travers de Chase Bank en tant qu'intermédiaire.

3.    Toutes les Communications avec Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman) relatives à Chase Bank.

4.    Toutes les Communications avec Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman) relatives à tout virement bancaire ou toute autre transaction annulé(e) ou bloqué(e), y compris, mais sans s'y limiter, le contenu de tout message ou autre communication reçue concernant tel virements bancaires ou telles autres transactions.

5.    Tous les Documents relatifs à toute action que Vous avez prise en raison de, à la suite de, ou relative à toute Communication avec Chase Bank relative à Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman).

CERT. PROPIO                                16

6.      Tous les Documents démontrant Votre relation avec Sinai Holdings, LLC et/ou Jacob Gitman (alias Yakov Gitman) avant et après la réception des Communications fournies en réponse à la Demande 1.

# ANNEXE 1

TRIBUNAL DE DISTRICT DES ÉTATS-
UNIS, DISTRICT SUD DE LA FLORIDE,
DIVISION DE FORT LAUDERDALE
AFFAIRE N° 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, une société à responsabilité
limitée de Floride, et JACOB GITMAN,

        Demandeurs,

c.

JPMORGAN CHASE BANK, N.A., une
    société étrangère à but
        lucratif,

        Défenderesse.

_____/

## ORDONNANCE CONSERVATOIRE RÉGISSANT LA COMMUNICATION DES INFORMATIONS CONFIDENTIELLES

CETTE AFFAIRE est devant le Tribunal sur la requête de la défenderesse JP Morgan Chase Bank, N.A. pour une ordonnance de protection régissant la divulgation d'informations confidentielles. [ECF n° 56]. Les demandeurs ont déposé une objection à la portée de l'ordonnance de protection demandée dans la requête. [ECF n° 60]. Pleinement conseillé, il est par la présente

ORDONNÉ et DÉCIDÉ que les préoccupations soulevées dans l'objection des demandeurs [ECF n° 60], qui demandaient une ordonnance de protection plus restreinte axée uniquement sur des documents spécifiques ou des expurgations ciblées, sont et peuvent être résolues par les efforts et les attributions de bonne foi des parties concernant les dispositions de désaccord de désignation du paragraphe 4 des présentes, et donc la requête est ACCUEILLIE comme suit :

Toutes les parties, les signataires non parties et les témoins non parties doivent suivre les procédures énoncées ci-dessous en ce qui concerne certains documents, informations ou témoignages fournis ou échangés dans le cadre de ces actions ou procédures ou d'actions ou procédures connexes.

1.    **Désignation d'Affaire Confidentielle**. Renseignements ou documents qui peuvent être fournis en réponse à des demandes du processus de découverte [*discovery*] de l'une ou l'autre des parties,

y

CERT. PROPIO                -19-

compris, mais sans s'y limiter, des témoignages de déposition, des réponses à des demandes d'admission et d'interrogatoire, et des documents ou objets présentés à la suite de demandes de production, qui peuvent contenir, inclure, constituer, faire référence à des renseignements commerciaux confidentiels, exclusifs ou sensibles sur le plan de la concurrence, ou qui peuvent divulguer des renseignements concernant des informations financières, des secrets commerciaux ou d'autres questions confidentielles, y compris les informations de tiers, peuvent être considérées comme des « Affaires Confidentielles » et désignées comme « CONFIDENTIELLES » par l'avocat de toute Partie, si cet avocat estime de bonne foi qu'il est nécessaire de protéger l'intérêt légitime à la confidentialité de son client. Les réponses à l'interrogatoire préalable qui contiennent des Affaires Confidentielles peuvent être désignées comme telles par l'une ou l'autre des parties.

2. **Manière de la Désignation**. La désignation d'Affaire Confidentielle prend effet avec le placement ou l'apposition sur chaque document ou groupe de documents ainsi désigné, d'un cachet ou d'un avis portant la mention « CONFIDENTIEL » ou l'équivalent, de manière à ne pas nuire à la lisibilité de ces documents, mais à informer suffisamment les personnes qui reçoivent ces documents que ces documents doivent être traités à titre confidentiel. Toute désignation confidentielle qui est omise par inadvertance, ou qui n'a pas été apposée sur des documents antérieurs à la présente ordonnance, peut être corrigée par un avis écrit à l'avocat de la partie adverse, après quoi ces documents deviennent des Affaires Confidentielles, et la désignation confidentielle doit être apposée sur ces documents dans la mesure du possible. Dans de telles circonstances, cependant, aucune partie destinataire n'a d'obligation ou de responsabilité en raison de toute divulgation des informations qui a eu lieu avant la réception de l'avis ; toutefois, toute divulgation ultérieure doit être conforme à la désignation. La partie divulgatrice doit fournir rapidement des copies de remplacement des documents portant la désignation de confidentialité.

3. **Portée**. La limitation de l'interdiction du présent arrêté s'applique à :

CERT. PROPIO                                     -20-

(A)     tous les renseignements désignés comme CONFIDENTIELS en vertu de la présente ordonnance ;

(B)     des portions de transcriptions ou d'enregistrements vidéo de dépositions ou d'autres témoignages qui font référence à des renseignements désignés comme CONFIDENTIELS ou qui s'y rapportent, le cas échéant, par la partie qui cherche à maintenir la désignation CONFIDENTIEL ; et

(C)     des portions de mémoires, de notes de service ou d'autres écrits déposés auprès de la Cour (et les pièces à ces écrits) qui font référence à des informations désignées comme CONFIDENTIELLES ou qui s'y rapportent.

4.     **Désaccord Entre les Parties au Sujet de la Désignation Confidentielle**. Si, à tout moment : une partie n'est pas d'accord avec les motifs ou le fondement de la désignation d'un document ou d'une information comme matière confidentielle conformément à la présente ordonnance, ou conteste les motifs ou le fondement de la désignation d'un document ou d'une information confidentielle conformément à la présente ordonnance, la partie peut contester la désignation confidentielle, mais elle continuera de traiter le document ou l'information comme une question confidentielle à moins que et jusqu'à ce que (a) une ordonnance du Tribunal ait été rendue prévoyant que l'Affaire Confidentielle contestée puisse être utilisée ou divulguée d'une manière différente de celle spécifiée dans la présente ordonnance et que cette ordonnance devienne exécutoire ; ou (b) les deux Parties ont convenu par écrit d'utiliser l'Affaire Confidentielle d'une manière différente de celle spécifiée dans la présente Ordonnance. Si une partie conteste le bien-fondé de désigner des renseignements particuliers comme « CONFIDENTIELS », il incombe à la partie qui a désigné les documents comme « CONFIDENTIELS » d'établir les motifs du traitement confidentiel des renseignements en question. L'avocat qui s'oppose peut, après avoir tenté de résoudre le différend en s'entretenant avec l'avocat qui tente de préserver la confidentialité, déposer une requête au Tribunal, gardée sous scellés, demandant une ordonnance qui identifie spécifiquement les documents qui doivent être

désignés, redésignés ou exclus des dispositions de la présente ordonnance. Toutes les parties concernées et les non-parties ont le droit de participer à toute audience ou procédure concernant le matériel contesté.

Aucune partie n'est tenue de contester le bien-fondé de la désignation « CONFIDENTIEL » au moment où elle l'a fait, et le fait de ne pas le faire n'empêchera pas une contestation ultérieure pendant la durée de ce litige.

5.    **Restriction Relative à l'Utilisation d'Éléments Confidentiels**. Aucune Affaire Confidentielle fournie dans la réponse aux demandes du processus de découverte [*discovery*] d'une partie doit être utilisée, communiquée ou partagée par toute partie, ou toute autre personne qui les reçoit ou les consulte, à des fins commerciales ou concurrentielles, ou à quelque fin que ce soit, autre que la préparation de l'affaire avant le procès, dans le procès de cette affaire ou dans tout appel de celle-ci.

6.    **Personnes Autorisées**. Sauf accord de la partie désignatrice, l'accès aux documents désignés comme « CONFIDENTIELS » sera limité aux personnes autorisées suivantes:

(A)    les avocats des parties à qui il est nécessaire de présenter l'Affaire Confidentielle aux fins de la présente procédure ;

(B)    les Parties et employés de Sinai Holdings, LLC, Jacob Gitman ou JPMorgan Chase Bank, N.A. à qui il est nécessaire que des Informations Confidentiels soient présentés aux fins de la présente procédure ;

(C)    Les sous-traitants de services (tels que les fournisseurs d'eDiscovery ou les services de copie) ;

(D)    Les personnes employées par l'une des parties ou ses avocats dans le seul but d'aider à la préparation de cette action pour le procès, y compris, mais sans s'y limiter, les experts, leur personnel et le personnel de soutien à qui il est nécessaire de montrer des Informations Confidentielles dans le but d'aider à cette préparation ;

(E)    Le tribunal ou les personnes employées par le tribunal et le jury ;

(F)    Les consultants en procès et jurés fictifs retenus par un avocat externe au dossier ;

(G)    Les sténographes judiciaires et les vidéastes dûment qualifiés qui participent à ces procédures ;

(H)    Les personnes qui ont été les auteurs ou les destinataires des documents dans le cours normal des affaires ;

(I)    Les témoins en préparation ou au cours des dépositions ou du procès de cette affaire ; et

(J)    Toute autre personne qui est par la suite désignée comme personne autorisée par

(i) soit l'accord de toutes les parties, soit (ii) sur ordonnance du tribunal.

Avant de divulguer des documents désignés comme « CONFIDENTIELS » aux personnes autorisées énumérées aux alinéas 6(B)-(C) et (g), comme le permet la présente ordonnance, la partie destinataire doit aviser la personne autorisée de la présente ordonnance et lui faire signer l'accusé de réception ci-joint comme Pièce A. Aucune personne autorisée qui reçoit ou examine un article fourni en vertu de la présente ordonnance ne doit diffuser verbalement, par écrit ou par tout autre moyen une question confidentielle à une personne qui n'est pas une personne autorisée.

Si une partie souhaite divulguer une affaire confidentielle à une personne qui n'est pas spécifiquement énumérée comme une personne autorisée dans le présent paragraphe, cette partie doit en informer la partie adverse pour voir s'il y a une objection, et s'il y a une objection, la partie qui cherche à divulguer l'Affaire Confidentielle doit d'abord obtenir l'approbation du tribunal.

7.    **Restrictions sur la Reproduction d'Affaires Confidentielles**. Il ne doit y avoir aucune reproduction de l'Affaire Confidentielle, sauf si cela est nécessaire pour préparer le procès de la présente affaire, le procès de la présente affaire ou tout appel de celle-ci, sauf que des copies, des

extraits ou des résumés peuvent être montrés ou remis aux personnes autorisées à recevoir ces renseignements en vertu de la présente ordonnance. Toutefois, les documents confidentiels peuvent être numérisés dans un système d'imagerie informatique ou une base de données à des fins de gestion des litiges, sans consentement écrit exprès, à condition que ces fichiers informatiques soient détruits ou retournés à la partie désignatrice à la fin du litige conformément à la présente ordonnance.

8.    **Restrictions sur la Diffusion.** Il est interdit à quiconque examinant un article fourni en vertu de la présente Ordonnance de diffuser verbalement, par écrit ou par tout autre moyen toute Affaire Confidentielle à toute personne qui n'est pas également autorisée à examiner une affaire confidentielle aux termes de la présente ordonnance. Le destinataire de tout document désigné « CONFIDENTIEL » en vertu de la présente ordonnance doit conserver le matériel dans un endroit sûr et sécuritaire et faire preuve de la même norme de diligence raisonnable et appropriée en ce qui concerne le stockage, la garde, l'utilisation et/ou la diffusion des renseignements que celle exercée par le destinataire à l'égard de ses propres renseignements exclusifs.

9.    **Utilisation dans les Dépositions**. Au cours d'une déposition, un déposant peut voir et être interrogé sur une affaire confidentielle. Avant cet examen, si le déposant n'est pas déjà une personne autorisée à consulter l'Affaire Confidentielle, il recevra une copie de la présente ordonnance et sera lié par celle-ci. Lors de la déposition, ou dans les quinze (15) jours suivant la réception d'une copie, une partie ou un déposant peut désigner des parties de la transcription et/ou des pièces comme « CONFIDENTIELLES ». Jusqu'à l'expiration de la période de 15 jours, la transcription et les pièces seront traitées comme confidentielles, mais à l'expiration de cette période de 15 jours, seules les pages de la transcription et des pièces désignées comme telles seront confidentielles. Par la suite, l'original et toutes les copies de ces pages et pièces doivent être estampillées comme confidentielles conformément à la présente ordonnance, et la page de titre de la transcription doit indiquer « Contient des Informations Confidentielles ».

10. **Dépôt auprès du Tribunal**. Une Affaire Confidentielle peut être déposée auprès du Tribunal, mais ne doit pas être utilisée à quel qu'autre fin que ce soit, sauf pour déposer des requêtes ou d'autres documents auprès du Tribunal, en préparation pour le procès de la présente affaire, pour le procès de cette affaire ou de tout appel de celle-ci. Toute Affaire Confidentielle qui entre dans le champ d'application de la règle 26(c)(1)(G), telle que les secrets commerciaux, les informations financières, les déclarations de revenus, les informations sur les clients et les dossiers médicaux, ne doit être déposée que sous scellé. Si une partie souhaite déposer auprès du Tribunal des documents qui n'entrent pas dans le champ d'application de la règle 26(c)(1)(G), et si la partie sait que la partie adverse ne souhaite pas qu'ils soient déposés auprès du Tribunal à moins d'être déposés sous scellés, la partie qui souhaite déposer de tels documents ne doit pas les déposer sans en avoir notifié au préalable le dépôt à la partie adverse.

De plus, en ce qui concerne les Affaires Confidentielles qui entrent dans le champ d'application de la Règle 26(c)(1)(G), telles que les secrets commerciaux, informations financières, déclarations de revenus, informations sur les clients et dossiers médicaux, l'avocat doit informer l'avocat adverse, avant la production de ces informations, que ces informations relèvent de la règle 26(c)(1)(G). Si l'avocat estime que l'information a été mal désignée, il peut contester la désignation auprès du Tribunal. Une partie qui estime qu'une autre Affaire Confidentielle ne devrait pas être présentée au client doit soumettre la question à l'examen du Tribunal, à défaut d'accord entre les parties, au plus tard à la date à laquelle la production est due ou effectuée.

11. **Aucune Renonciation à la Confidentialité**. La production d'un objet confidentiel aux fins d'inspection et la prise de notes ne constitue pas une renonciation au droit d'une partie de faire valoir, dans le cadre de cette action en justice ou par la suite, que lesdits documents et/ou tout matériel ou toute information qui y est inclus sont privilégiés et ne peuvent être découverts par ailleurs.

12. **Réception de la Demande d'Affaire Confidentielle**. Dans le cas où une partie destinataire ayant possession, la garde ou le contrôle de tout renseignement désigné « CONFIDENTIEL » reçoit

une assignation à comparaître ou un autre processus ou une ordonnance de production des renseignements dans le cadre d'une autre procédure judiciaire non liée, de la part d'un tiers à la présente action, la partie destinataire informera l'avocat de la partie désignatrice de l'assignation ou de l'autre processus ou de l'ordonnance, fournira à l'avocat de la partie désignatrice une copie de l'assignation ou de tout autre processus ou ordonnance, et coopérera à l'égard de toutes les procédures raisonnables que la partie désignatrice peut avoir pour objet d'appliquer et dont les intérêts peuvent être affectés. La partie désignatrice a le fardeau de défendre contre l'assignation, la procédure ou l'ordonnance. La partie destinataire de l'assignation ou de l'autre acte de procédure ou de l'ordonnance a le droit de s'y conformer, sauf dans la mesure où la partie désignatrice réussit à obtenir une ordonnance modifiant ou annulant l'assignation ou l'autre acte de procédure ou l'ordonnance.

13. **Déclassification**. Une Partie (ou une personne ou une entité lésée autorisée par le Tribunal à intervenir à cette fin) peut déposer une requête en vue d'obtenir une ordonnance du Tribunal pour qu'un ou plusieurs documents estampillés comme confidentiels ne soient pas dûment traités comme des Affaires Confidentielles. La personne ou l'entité qui a désigné le(s) document(s) comme « CONFIDENTIEL(S) » doit être avisée et avoir la possibilité d'y répondre. Pour maintenir le statut confidentiel, le promoteur de la confidentialité doit démontrer, par une prépondérance de la preuve, qu'il existe des motifs sérieux pour que le ou les documents bénéficient d'une telle protection.

14. **Renvoi d'une Affaire Confidentielle**. Dans les vingt-cinq (25) mois suivant la résiliation de cette action et toute action connexe, y compris les appels et les nouveaux procès, les copies de toutes les Affaires Confidentielles doivent être détruites ou, à la demande de l'avocat du défendeur (pour les documents fournis par ce défendeur) ou de l'avocat du demandeur (pour les documents fournis par le demandeur), retournées au défendeur ou au demandeur aux frais de cette partie. L'avocat de la partie concernée doit certifier par écrit, sur demande, que l'Affaire Confidentielle a été détruite ou retournée.

15. **Portée de l'Ordonnance**. La présente ordonnance ne s'applique qu'aux procédures préalables au procès dans le cadre de la présente action y compris les appels préalables au procès. Le cas échéant, les règles de confidentialité qui s'appliquent au procès de la présente action seront énoncées dans une stipulation préalable au procès qui sera rédigée par les Parties et soumise au Tribunal. Dans l'hypothèse où les Parties ne seraient pas en mesure de stipuler les règles de confidentialité, le Tribunal établira les règles de confidentialité afin de protéger les intérêts des Parties.

16. **Aucune Admission**. Rien dans les présentes ne doit être interprété comme un aveu de pertinence sur ou pour influencer, de quelque manière que ce soit, l'admissibilité de tout document, témoignage ou autre preuve dans la présente action. La présente ordonnance est sans préjudice du droit de toute partie de porter devant le tribunal à tout moment la question de savoir si des informations particulières sont ou ne sont pas découvrables ou admissibles en l'espèce, et ce droit est expressément réservé.

17. **Règlement, Jugement ou Autre Décision**. Cette ordonnance survit à tout règlement, jugement ou autre décision ou conclusion de la présente action et à tous les appels de celle-ci, et le présent Tribunal conservera sa compétence afin de faire appliquer les termes de la présente ordonnance après la fin définitive de cette action, que ce soit par jugement définitif ou par règlement, y compris l'expiration de tout délai d'appel. À la suite de cette résiliation définitive, chaque Partie ou autre personne assujettie aux conditions de la présente ordonnance est tenue de retourner ou de détruire tous les documents contenant des renseignements désignés comme Affaire Confidentielle ainsi que toutes les copies, tous les extraits et résumés.

18. **Utilisation Personnelle par la Partie**. La présente ordonnance n'a pas d'effet sur, et sa portée ne s'étend pas à , l'utilisation par l'une des Parties de sa propre Affaire Confidentielle.

19. **Documents HIPAA**. Les documents contenant des renseignements personnels sur la

santé tels que définis par la loi sur la portabilité et la responsabilité en matière d'assurance maladie [*Health Insurance Portability and Accountability Act*] de 1996 (« HIPAA ») peuvent faire l'objet d'une enquête préalable dans cette affaire et peuvent être fournis comme tout autre document. Cependant, la partie qui reçoit des documents contenant de telles informations de santé personnelles qui relèvent de la loi HIPAA ne doit pas diffuser ces documents à un tiers (sauf lors du procès ou d'une déposition), et doit expurger ces documents afin que le tiers ne puisse pas identifier la personne concernée, à moins que l'identité de la personne et l'étendue des soins qu'elle a reçus ou non ne soient en cause dans l'affaire. En ce qui concerne toute diffusion dans le dossier public du tribunal, les documents contenant de telles informations doivent être expurgés afin que toute personne qui lit le document ne soit pas en mesure de déterminer l'identité de l'individu, par exemple en caviardant tout numéro de sécurité sociale ou éventuellement un prénom ou un nom de famille.

**FAIT ET ORDONNÉ** en Chambre à Fort Lauderdale, Floride, ce 3e jour de décembre 2024.

_____
PATRICK M. HUNT
Juge magistrat des États-Unis

Copies fournies à :

L'honorable William P. Dimitrouleas
Avocat inscrit au dossier

**PIÈCE A**

TRIBUNAL DE DISTRICT DES ÉTATS-
UNIS, DISTRICT SUD DE LA FLORIDE,
DIVISION DE FORT LAUDERDALE
AFFAIRE N° 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, une société à responsabilité
limitée de Floride, et JACOB GITMAN,

      Demandeurs,

c.

JPMORGAN CHASE BANK, N.A., une
société étrangère à but lucratif,

      Défenderesse.

_____/

**ENTENTE CONCERNANT LES INFORMATIONS CONFIDENTIELLES**

LE SOUSSIGNÉ a lu et comprend les conditions de l'Ordonnance Conservatoire Régissant la

Divulgation d'Informations Confidentielles, et a été désigné par _____

[INSÉRER LE NOM DE LA PARTIE] à titre de personne autorisée aux termes de l'Ordonnance.

J'accepte d'être lié par les termes de l'Ordonnance Conservatoire Régissant la Divulgation

d'Informations Confidentielles.

           Signature : _____

           Nom en lettres moulées : _____

           Date de signature : _____



**Propio LS, LLC.,**
10801 Mastin Boulevard
Suite 580
Overland Park, KS 66210
888.528.6692
Propio-LS.com

**Certificate of Accuracy**
**Certificat d'exactitude**

I certify to the best of my knowledge and belief that the attached translation is a true and accurate translation of the attached document carried out by translators competent to translate from English into French.

Le présent document atteste que la traduction jointe est, à notre connaissance, une traduction certifiée conforme au document joint et réalisée par des traducteurs qualifiés pour traduire de l'anglais vers le français.

Dated: April 21, 2025
Fait le 21 avril 2025

_____
Vici Lihardo
Project Manager
Chef de projet

Sworn to and signed before me,
this __21st__ day of __April__ 2025
Fait sous serment devant moi,
le __21 avril__ 2025

Suit-heng Chong
Electronic Notary Public
State of Oregon
Commission #: 1028911
Commission Expires: 09/18/2026

_____
Suit-heng Chong
Notary Public/ Notaire public
[signed/ signé] [sealed/cacheté]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if Invescap SA – a Swiss entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from Invescap SA is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

1

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

1. **Sender**

   Defendant JP Morgan Chase Bank, N.A.
   c/o Eliot Pedrosa, Esq.
   Fla. Bar No. 182443
   Taylor Cavaliere Jones, Esq.
   Fla. Bar No. 1040247
   JONES DAY
   600 Brickell Ave, Suite 3300
   Miami, FL 33131
   Telephone: (305) 714-9700
   Facsimile: (305) 713-9799
   Email: epedrosa@jonesday.com
   Email: tcavaliere@jonesday.com

   Anthony J. Dick (pro hac vice)
   JONES DAY
   51 Louisiana Ave. NW
   Washington, DC 20001-2113
   Telephone: 202-879-3939
   Facsimile: 202-626-1700
   Email: ajdick@jonesday.com

   Andrew J. Clopton (pro hac vice)
   JONES DAY
   150 West Jefferson, Suite 2100
   Detroit, MI 48226-4438
   Telephone: 313-733-3939
   Facsimile: 313-230-7997
   Email: aclopton@jonesday.com

   Amanda Dollinger (pro hac vice)
   JONES DAY
   250 Vesey Street
   New York, NY 10281-1047
   Telephone: (212) 326-3939
   Facsimile: (212) 755-7306
   Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2.      Central authority of the requested state**

Switzerland
Civil Court - Court of First Instance
Rue de l'Athénée 6-8
PO Box 3736
1211 Geneva 3

**3.      Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939

3

Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4.      Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5.      (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

4

**(b) The competent authority of (Article 3, a))**

Switzerland
Civil Court - Court of First Instance
Rue de l'Athénée 6-8
PO Box 3736
1211 Geneva 3

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D. Fla.).

6.   **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.
1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**7.      (a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner— allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written statements, and two claims for injunctive relief to prevent Chase from making further allegedly defamatory statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

8

**8.**     **(a) Evidence to be obtained or other judicial act to be performed (Article 3, d))**

It is respectfully requested that a judicial authority of the Switzerland order Invescap SA

to produce copies of documents as described in Exhibit 1 from:

> Invescap SA
> Grand-Rue 24
> CH-1204 Geneva, Switzerland

**(b) Purpose of the evidence or judicial act sought**

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between

Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought

are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings,

LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with

financing but subsequently withdrew their financial support due to Chase's allegedly defamatory

statements. The documents Chase seeks from these named foreign entities are crucial to

substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign

lenders.

**9.**     **Documents or other property to be inspected (Article 3, g))**

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the

requested documents and information is necessary for Chase's defense against the claims asserted

against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this

Requesting Court believes that Invescap SA may have the documents set forth in Exhibit 1 in its

possession, custody, or control.

**10.**     **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Switzerland law, it is respectfully

requested that the responses to the requests for production follow the instructions outlined in

9

Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that Invescap SA provide general information regarding any responsive documents in its possession over which it claims privilege.

**11.    Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street

New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com


*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**12.    Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of Switzerland. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

**13.    The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799

Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**


_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.      "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.      "You" and "Your" refer to Invescap SA and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.      "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.      Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.      Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf. If You cannot respond to these requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.      If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.      Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.      Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit 1.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

4.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.     All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No. 60], which sought a narrower protective order focused only on specific documents or targeted redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

1.    **Designation of Confidential Matter**.   Information or documents that may be produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2. **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3. **Scope**. The limitation of prohibition of this Order shall apply to:

(A) all information designated as CONFIDENTIAL pursuant to this Order;

(B) portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.      **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.      **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.      **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)      Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)      Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)      Service contractors (such as e-discovery vendors or copy services);

(D)      Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)      The Court or persons employed by the Court and the jury;

(F)      Trial consultants and mock jurors retained by outside counsel of record;

(G)      Duly qualified court reporters and videographers participating in these proceedings;

(H)      Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)      Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)      Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.      **Restrictions on Reproduction of Confidential Matter**.   There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.      **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**. The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14.     **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15.     **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16.     **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17.     **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.     **Party's Own Use**.  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.     **HIPAA Documents**.  Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

      Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

      Signature: _____

      Print Name: _____

      Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

     Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

     **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 130]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

     **ORDERED AND ADJUDGED** that:

     The Motion is **GRANTED** as to Exhibit D. This Court shall issue the Letter of Request in the form appearing as Exhibit D in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 130]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

     **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if Dennis Klemming – a person located in the Cayman Islands – produces documents in his possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from Dennis Klemming is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

3

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

**1. Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2. Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**3. Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5. (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

6

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

**6.   Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

### 7.  (a) Nature of the proceedings (Article 3, c))

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

### (b) Summary of complaint

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner— allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written allegedly defamatory statements, and two claims for injunctive relief to prevent Chase from making further statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

9

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c) Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

### 8. (a) Evidence to be obtained or other judicial act to be performed (Article 3, d))

It is respectfully requested that a judicial authority of the Cayman Islands order Dennis Klemming to produce copies of documents as described in Exhibit 1 from:

> Dennis Klemming
> 23 Lime Tree Bay Ave.
> George Town
> Grand Cayman, KY1-1002
> Cayman Islands

### (b) Purpose of the evidence or judicial act sought

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

### 9. Documents or other property to be inspected (Article 3, g))

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this Requesting Court believes that Dennis Klemming may have the documents set forth in Exhibit 1 in its possession, custody, or control.

**10. Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that Dennis Klemming provide general information regarding any responsive documents in its possession over which he claims privilege.

**11. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939

Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

12. **Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

13. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247

JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**


_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC, and
JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.     "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

      2.    "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

      3.    "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

      4.    "You" and "Your" refer to  Dennis Klemming and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

      5.    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

      6.    "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

      7.    Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

      8.    Use of the present tense includes the past tense, and use of the past tense includes the present tense.

      9.    Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf.  If You cannot respond to these requests in full after exercising due diligence to

18

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## DOCUMENTS REQUESTED

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

19

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

## PROTECTIVE ORDER GOVERNING DISCOVERY OF CONFIDENTIAL INFORMATION

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for

Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an

objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully

advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No.

60], which sought a narrower protective order focused only on specific documents or targeted

redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the

designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as

follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set

forth below with respect to certain documents, information, or testimony provided or exchanged in

these or related actions or proceedings.

1.    **Designation of Confidential Matter**.   Information or documents that may be

produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2.   **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3.   **Scope**. The limitation of prohibition of this Order shall apply to:

(A)   all information designated as CONFIDENTIAL pursuant to this Order;

(B)   portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.     **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.     **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.     **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)     Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)     Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)     Service contractors (such as e-discovery vendors or copy services);

(D)     Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)     The Court or persons employed by the Court and the jury;

(F)     Trial consultants and mock jurors retained by outside counsel of record;

(G)     Duly qualified court reporters and videographers participating in these proceedings;

(H)     Persons who were the authors or recipients of the documents in the ordinary course of business;

     (I)      Witnesses in preparation for or in the course of depositions or the trial of this matter; and

     (J)      Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.     **Restrictions on Reproduction of Confidential Matter**.   There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.     **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9. **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10. **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records,
counsel shall inform opposing counsel, before the production of such information, that such
information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-
designated, counsel may contest the designation with the Court. A Party that believes that any other
Confidential Matter should not be shown to the client must bring the issue to the Court's
consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection
and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter
that said documents and/or any materials or information included therein is privileged and is
otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having
possession, custody, or control of any information designated "CONFIDENTIAL" receives a
subpoena or other process or order to produce the information in another, unrelated legal proceeding,
from a non-party to this action, the receiving party will notify counsel for the designating party of the
subpoena or other process or order, furnish counsel for the designating party with a copy of the
subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to
be pursued by the designating party whose interests may be affected. The designating party has the
burden of defending against the subpoena, process or order. The receiving party receiving the
subpoena or other process or order is entitled to comply with it except to the extent the designating
party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to
intervene for such purpose) may file a motion seeking a Court order that a document or documents
stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14. **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15. **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16. **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17. **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18. **Party's Own Use.** This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19. **HIPAA Documents.** Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

_____
PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

       Defendant.

_____/

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

Signature: _____

Print Name: _____

Date Signed: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.: 0:23-cv-62159-WPD**

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR TAKING EVIDENCE

      **THIS CAUSE** is before the Court on Defendant JPMorgan Chase Bank, N.A.'S Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 130]. The Motion seeks for the Court to issue letters of request, also known as letters rogatory, for judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. This Court having considered the motion and all other relevant factors, it is hereby

      **ORDERED AND ADJUDGED** that:

      The Motion is **GRANTED** as to Exhibit E. This Court shall issue the Letter of Request in the form appearing as Exhibit E in Defendants' Motion For Issuance Of Letters Rogatory For Taking Evidence [DE 130]. A copy of the issued Letter of Request is attached to this Order as **Exhibit A**. The Court will mail the original Letter of Request bearing the Court's signature for execution to Defendant's counsel of record, Eliot Pedrosa, at 600 Brickell Avenue, Suite 3300 Miami, FL 33131.

      **DONE AND ORDERED** in Chambers at Broward County, Florida on this 23rd day of June 2025.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The Honorable William P. Dimitrouleas, United States District Judge of the United States District Court for the Southern District of Florida, hereby requests international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Evidence Convention"), to obtain evidence to be used in the above-captioned civil proceeding pending before this Court (the "U.S. Civil Proceeding").

This Court has determined that it would further the interests of justice if Prudent Group – a Cayman Island entity – produces documents in its possession relevant to the issues in the U.S. Civil Proceeding.

This Request has been made upon the motion of Defendant JP Morgan Chase Bank, N.A. ("Chase"), who has advised this Court that the transfer of the information and evidence sought from Prudent Group is relevant and necessary for the due determination of the matters in dispute between the parties in this case.

3

Having considered the submissions of Chase, this Court has found that this Request is necessary in the interests of justice for the full and fair determination of the matters at issue among the parties to this pending proceeding.

**1. Sender**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*As Authorized By:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**2. Central authority of the requested state**

The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**3. Person to whom the executed request is to be returned**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY

5

150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response is requested as soon as reasonably practicable, and in any event within 30 days of service of the Letter of Request in order to ensure that the evidence may be obtained prior to the close of discovery in the U.S. proceedings set for Friday, July 11, 2025.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

**5. (a) Requesting judicial authority (Article 3, a))**

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

**(b) The competent authority of (Article 3, a))**

The Cayman Islands
The Clerk of the Courts
61 Albert Panton Street
Grand Cayman
Cayman Islands, KY1-1601
Telephone: 345 949 4296
E-mail: clerkofcourt@judicial.ky
General website: www.judicial.ky
Contact person: Shiona Allenger, Clerk of Court

**(c) Name of the case and any identifying number**

*Sinai Holdings, LLC et al v. JPMorgan Chase Bank, N.A.*, Case No. 0:23CV62159 (S.D.

Fla.).

**6.   Names and addresses of the parties and their representatives (including
representatives in the requested State) (Article 3, b))**

**(a) Plaintiffs and Representatives**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman
c/o STOK KON + BRAVERMAN
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301
Tel.: (954) 237-1777
Fax: (954) 237-1737
Email: service@stoklaw.com

JOSHUA R. KON, ESQ.
Florida Bar No. 56147
(jkon@stoklaw.com)
YOSEF KUDAN, ESQ.
Florida Bar No. 1010261
(ykudan@stoklaw.com)
THEODORE (TUVIA) SANDLER, ESQ.
Florida Bar No. 1015927
(tsandler@stoklaw.com)
KEVIN S. WOLKENFELD, ESQ.
Florida Bar No. 1029865
(kwolkenfeld@stoklaw.com)

SCHLESINGER LAW OFFICES, P.A.

1212 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 320-9507
Facsimile: 954-320-9509
Email: SLOPA.Service@Schlesingerlaw.com

DAVID SILVERMAN, ESQ.
Florida Bar #119389
dsilverman@schlesingerlaw.com
JONATHAN R. GDANSKI, ESQ.
Florida Bar # 32097
jgdanski@schlesingerlaw.com

**(b) Defendant and Representatives**

Defendant JP Morgan Chase Bank, N.A.
c/o Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY

8

250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**7. (a) Nature of the proceedings (Article 3, c))**

The above-captioned pending case is a civil proceeding in the United States District Court for the Southern District of Florida. Plaintiffs assert claims against Chase for defamation and tortious interference arising from allegedly defamatory statements made to Plaintiffs' customers and transferees in connection with cancelled wire transactions from or through Chase accounts.

**(b) Summary of complaint**

Plaintiffs Sinai Holdings, LLC and Jacob Gitman— a medical services company that owns and operates medical-related businesses and its owner—allege Chase defamed them and interfered with their business relationships by placing them on an internal "Interdiction List" and issuing defamatory statements to their customers, vendors, lenders, and other associates. Plaintiffs claim that Chase's statements implied that Plaintiffs were subject to sanctions or involved in criminal activity, which harmed their reputation and business value.

Plaintiffs filed their original complaint in November 2023, asserting two claims for defamation (libel) based on Chase's written allegedly defamatory statements, and two claims for injunctive relief to prevent Chase from making further statements and to require Chase to retract or correct its previous statements. Chase moved to dismiss the complaint, arguing that the defamation claims were precluded by a prior judgment in a related case and that they otherwise failed to state valid claims. Chase also argued that the injunctive relief claims were barred by Florida law and improperly pleaded as separate causes of action. This Court dismissed the injunctive relief claims, but declined to rule on the preclusion and other arguments regarding the

defamation claims at the motion to dismiss stage. The Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint in August 2024, adding four new claims: two claims for defamation (slander) based on Chase's oral statements, a claim for tortious interference with business relationships, and a claim for declaratory judgment under the federal Declaratory Judgment Act. Plaintiffs seek damages and injunctive relief for their claims. Chase moved to dismiss the new claims, arguing that they are meritless, duplicative, and/or insufficiently pleaded. The Court declined to dismiss the lawsuit, "at least at this stage in the proceedings."

### (c)  Summary of defense and counterclaims

Chase's statements at issue in this lawsuit are protected by qualified privilege, as the Court agreed in a related litigation. The privilege applies in this case because Chase made the statements to its customers or intermediary banks about a matter of common business interest—*i.e.*, explaining why the bank could not process their transactions. Chase did not waive this privilege because it did not act with "express malice," as the statements were based on its standard operating processes and were not intended to harm Plaintiffs.

The statements at issue are also not false. The statements asserted that the transactions were blocked because of sanctions "and/or" internal Chase policy, which is true if either sanctions or internal policy was the reason.

Finally, this lawsuit is barred by claim preclusion and issue preclusion, as the Court already resolved Plaintiffs' claims in a related litigation. The plaintiffs in the related litigation (Monarch Air Group ("Monarch") and David Gitman) are in privity with the plaintiffs to this lawsuit. Jacob Gitman, Sinai's principal, is David Gitman's father. Jacob Gitman has publicly proclaimed his

affiliation with Monarch as a minority shareholder and a managing member. Further, Jacob Gitman and Monarch are co-plaintiffs in other pending actions and have shared the same counsel.

### 8.  (a) Evidence to be obtained or other judicial act to be performed (Article 3, d))

It is respectfully requested that a judicial authority of the Cayman Islands order Prudent Group to produce copies of documents as described in Exhibit 1 from:

> Prudent Group
> c/o Dennis Klemming
> 23 Lime Tree Bay Ave.
> George Town
> Grand Cayman, KY1-1002
> Cayman Islands

### (b) Purpose of the evidence or judicial act sought

The evidence sought in this Request is intended for use in the U.S. Civil Proceeding between Plaintiffs and Chase currently pending in the above-referenced U.S. court. The documents sought are material to the issue of Plaintiffs' damages. In the course of discovery, Plaintiff Sinai Holdings, LLC identified several foreign entities who had allegedly agreed to provide Plaintiffs with financing but subsequently withdrew their financial support due to Chase's allegedly defamatory statements. The documents Chase seeks from these named foreign entities are crucial to substantiate Plaintiffs' claims of defamation and any alleged damages related to these foreign lenders.

### 9.  Documents or other property to be inspected (Article 3, g))

Chase seeks responsive documentary evidence as described in Exhibit 1. Transfer of the requested documents and information is necessary for Chase's defense against the claims asserted against it in the U.S. Civil Proceeding. Based upon the facts and issues presented to it, this Requesting Court believes that Prudent Group may have the documents set forth in Exhibit 1 in its possession, custody, or control.

## 10. **Special methods or procedure to be followed (Articles 3 i) and 9))**

Except to the extent that such rules are incompatible with Cayman Island law, it is respectfully requested that the responses to the requests for production follow the instructions outlined in Exhibit 1, which are pursuant to United States procedural guidelines, specifically, the Federal Rules of Civil Procedure. It is further requested that Prudent Group provide general information regarding any responsive documents in its possession over which it claims privilege.

## 11. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

The undersigned requests notification of the time and place for the execution of the Request to be sent to the following persons:

*Counsel for Defendant:*

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.
Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939

Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

*On behalf of:*

The Honorable William P. Dimitrouleas
United States District Judge
U.S. District Court for the Southern District of Florida
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Courtroom 205B, Chambers 205F
Fort Lauderdale, Florida 33301

12. **Specification of privilege or duty to refuse to give evidence under the law of the State or origin (Article 11, b))**

All documentary evidence to be provided pursuant to the Request will be subject to any applicable assertions of privilege available under the law of the United States and/or the law of the Cayman Islands. If any documents are withheld on such grounds, a statement to that effect should be provided indicating what documents are withheld or redacted and the nature of the privilege claimed.

13. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Counsel for Defendant Chase will bear the costs and respectfully requests that it be notified if reimbursement is to be sought for any costs or fees that may be incurred:

Eliot Pedrosa, Esq.
Fla. Bar No. 182443
Taylor Cavaliere Jones, Esq.

13

Fla. Bar No. 1040247
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: tcavaliere@jonesday.com

Anthony J. Dick (pro hac vice)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Telephone: 202-879-3939
Facsimile: 202-626-1700
Email: ajdick@jonesday.com

Andrew J. Clopton (pro hac vice)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-733-3939
Facsimile: 313-230-7997
Email: aclopton@jonesday.com

Amanda L. Dollinger (pro hac vice)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: adollinger@jonesday.com

**DATE OF REQUEST:**


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:**




_____

**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:23-cv-62159-WPD

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## DEFINITIONS AND INSTRUCTIONS

As used herein, the words and phrases below shall have the following definitions.

1.    "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 45, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

17

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.      "Chase Bank" means Defendant JPMorgan Chase Bank, N.A. and any of its agents or representatives.

4.      "You" and "Your" refer to Prudent Group and all Persons acting or purporting to act on its behalf, including employees, independent contractors, attorneys, and agents.

5.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6.      "Related to" or "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, compromising, or concerning.

7.      Reference to the singular shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8.      Use of the present tense includes the past tense, and use of the past tense includes the present tense.

9.      Each request seeks Documents and Communications in Your possession, custody, or control, wherever located, regardless of whether such information is possessed directly by You or Your officers, agents, employees, attorneys, representatives, affiliates or other Persons acting on Your behalf.  If You cannot respond to these requests in full after exercising due diligence to

secure the Documents requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Each request shall be construed independently and not with reference to any other request for the purpose of limitation or exclusion.

12.     Unless otherwise indicated, these requests shall cover the time period of April 1, 2019 through the present.

13.     Documents may be produced pursuant to the Protective Order entered in this case, attached hereto as Exhibit A.

## **DOCUMENTS REQUESTED**

1.     All Communications between You and Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman), including but not limited to any attempted wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

2.     All Communications between You and any other person relating to any wire transfer or other transactions between You and either Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) sent to or from accounts at Chase Bank or through Chase Bank as intermediary.

3.     All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to Chase Bank.

4.      All Communications with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) relating to any cancelled or blocked wire transfer or other transactions, including but not limited to the content of any message or other communication received relating to such wire transfer or other transaction.

5.      All Documents relating to any action You took because of, as a result of, or relating to any Communications with Chase Bank relating to Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman).

6.      All Documents demonstrating your relationship with Sinai Holdings, LLC and/or Jacob Gitman (a/k/a Yakov Gitman) before and after receiving the Communications produced in response to Request 1.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

      Defendant.
_____/

**PROTECTIVE ORDER GOVERNING DISCOVERY OF
CONFIDENTIAL INFORMATION**

THIS CAUSE is before the Court on Defendant JP Morgan Chase Bank, N.A.'s Motion for

Protective Order Governing Discovery of Confidential Information. [ECF No. 56]. Plaintiffs filed an

objection to the scope of the protective order sought in the Motion. [ECF No. 60]. Being fully

advised, it is hereby

ORDERED and ADJUDGED that the concerns raised in the Plaintiffs' objection [ECF No.

60], which sought a narrower protective order focused only on specific documents or targeted

redactions, are and may be addressed by the parties' good faith efforts and conferrals concerning the

designation disagreement provisions of paragraph 4 hereof, and thus the motion is GRANTED as

follows:

All parties, non-party signatories, and non-party witnesses shall follow the procedures set

forth below with respect to certain documents, information, or testimony provided or exchanged in

these or related actions or proceedings.

1.     **Designation of Confidential Matter**. Information or documents that may be

produced in response to discovery requests of any party, including without limitation, deposition

testimony, answers to requests for admissions and interrogatories, and documents or things tendered pursuant to requests to produce, which may contain, include, constitute, refer or relate to confidential, proprietary, or competitively sensitive business information, or may disclose information concerning financial information, trade secrets, or other confidential matters, including the sensitive information of third parties, may be considered "Confidential Matter" and designated as "CONFIDENTIAL" by counsel for any Party, if such counsel believes in good faith that it is necessary to protect the legitimate interest in confidentiality of his or her client. Discovery responses that contain Confidential Matter can be so designated by either Party.

2.    **Manner of Designation**. Designation of Confidential Matter shall be effective by placing or affixing on each document or group of documents so designated, a stamp or notice of "CONFIDENTIAL" or the equivalent, in such manner as will not interfere with the legibility thereof, but shall be sufficient to put persons receiving such documents on notice that such documents are to be treated in confidence. Any confidential designation that is inadvertently omitted, or that was not placed on documents prior to this Order, may be corrected by written notice to opposing counsel, whereupon such documents shall become Confidential Matter, and the confidential designation shall be placed on such documents to the extent practicable. Under such circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of the notice; provided, however, any subsequent disclosures must be in accordance with the designation. The disclosing party shall promptly provide substitute copies of documents bearing the confidentiality designation.

3.    **Scope**. The limitation of prohibition of this Order shall apply to:

(A)    all information designated as CONFIDENTIAL pursuant to this Order;

(B)    portions of transcripts or videotapes of depositions or other testimony that refer or relate to information designated as CONFIDENTIAL where so requested

by the Party seeking to maintain CONFIDENTIAL designation; and

(C)     portions of briefs, memoranda, or other writings filed with the Court (and exhibits to such writings) that refer to or relate to information designated as CONFIDENTIAL.

4.     **Disagreement Between the Parties About Confidential Designation**. If, at any time, a Party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Matter in accordance with this Order, then the Party may challenge the confidential designation, but the Party will continue to treat the document or information as Confidential Matter unless and until either (a) an order of the Court has been entered providing that such challenged Confidential Matter may be used or disclosed in a manner different from that specified in this Order and such order becomes enforceable; or (b) both Parties have agreed in writing to use the Confidential Matter in a manner different from that specified in this Order. Should a Party challenge the propriety of designating particular information as "CONFIDENTIAL," the burden shall be on the party that designated the material as "CONFIDENTIAL" to establish the grounds for confidential treatment of the particular information. Objecting counsel may, after an attempt to resolve the dispute by conferring with counsel attempting to preserve the confidentiality, make an application to the Court, to be kept under seal, for an Order that specifically identifies material be undesignated, re-designated, or excluded from the provisions of this Order. All affected parties and non-parties shall have a right to participate in any hearing or proceeding concerning the challenged material.

No party is obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation.

5.     **Restriction on Use of Confidential Matter**. No Confidential Matter produced in response to any Party's discovery requests shall be used, communicated, or shared by any Party, or any other person receiving or viewing them, for business or competitive purposes, or for any purpose whatsoever other than in preparing for the case pre-trial, in the trial of this matter or any appeals therefrom.

6.     **Authorized Persons**. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" shall be restricted to the following Authorized Persons:

(A)     Counsel for the parties to whom it is necessary that Confidential Matter be shown for purposes of this proceeding;

(B)     Parties and employees of Sinai Holdings, LLC, Jacob Gitman, or JPMorgan Chase Bank, N.A. to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(C)     Service contractors (such as e-discovery vendors or copy services);

(D)     Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(E)     The Court or persons employed by the Court and the jury;

(F)     Trial consultants and mock jurors retained by outside counsel of record;

(G)     Duly qualified court reporters and videographers participating in these proceedings;

(H)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(I)   Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(J)   Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 6(B)-(C), (G), as permitted in this Order, the receiving party must notify the Authorized Person of this Order and have the Authorized Person sign the acknowledgment attached as Exhibit A. No Authorized Person who receives or examines any item produced pursuant to this Order shall disseminate orally, in writing, or by any other means any Confidential Matter to any person who is not an Authorized Person.

If a Party desires to disclose Confidential Matter to an individual not specifically enumerated as an Authorized Person in this paragraph, that Party must notify the opposing party to see if there is any objection, and if there is an objection, the Party seeking to disclose the Confidential Matter must first obtain Court approval.

7.   **Restrictions on Reproduction of Confidential Matter**.   There shall be no reproduction of Confidential Matter except as required in preparation for trial of this matter, the trial of this matter, or any appeals therefrom, except that copies, excerpts or summaries may be shown or given to those persons authorized to receive such information pursuant to this Order. However, confidential documents may be scanned into a computer imaging system or database for the purpose of litigation management, without express written consent, so long as such computer files will be destroyed or returned to the designating Party at the end of the litigation in compliance with this Order.

8.   **Restrictions on Dissemination**. No person who examines any item produced pursuant to this Order shall disseminate orally, in writing or by any other means any Confidential Matter to

any person not also authorized to examine Confidential Matter under the terms of this Order. The recipient of any materials designated "CONFIDENTIAL" under this Order must maintain the materials in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the information as is exercised by the recipient with respect to its own proprietary information.

9.  **Use in Depositions**. During a deposition, a deponent may be shown, and examined about, Confidential Matter. Prior to such examination, if the deponent is not already a person authorized to view Confidential Matter, the deponent shall be given a copy of this Order and shall be bound by it. At the deposition, or within fifteen (15) days after receiving a copy, a Party or a deponent may designate portions of the transcript, and/or exhibits, as "CONFIDENTIAL." Until the expiration of the 15-day period, the transcript and exhibits shall be treated as confidential, but when such 15-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as confidential as set forth in this Order, and the title page of the transcript shall state "Contains Confidential Information."

10.  **Filing with the Court**. Confidential Matter may be filed with the Court, but shall not be used for any other purpose whatsoever other than in filing motions or other papers with the Court, in preparation for trial of this matter, the trial of this matter, or any appeals therefrom. Any Confidential Matter that is within the scope of Rule 26(c)(1)(G), such as trade secrets, financial information, tax returns, customer information, and medical records must only be filed under seal. If a Party desires to file documents with the Court that do not fall under Rule 26(c)(1)(G), that the Party knows the opposing Party does not want filed with the Court unless filed under seal, the Party desiring to file any such documents shall not file them without first notifying the opposing Party of the filing.

Moreover, concerning Confidential Matter that is within the scope of Rule 26(c)(1)(G), such

as trade secrets, financial information, tax returns, customer information, and medical records, counsel shall inform opposing counsel, before the production of such information, that such information falls within Rule 26(c)(1)(G). If counsel believes that information has been mis-designated, counsel may contest the designation with the Court. A Party that believes that any other Confidential Matter should not be shown to the client must bring the issue to the Court's consideration, failing agreement by the Parties, on or before the date that production is due or made.

11.     **No Waiver of Confidentiality**.  The production of Confidential Matter for inspection and note-taking shall not constitute a waiver of any Party's right to claim in this lawsuit or hereafter that said documents and/or any materials or information included therein is privileged and is otherwise non-discoverable.

12.     **Receipt of Request for Confidential Matter**.  In the event any receiving party having possession, custody, or control of any information designated "CONFIDENTIAL" receives a subpoena or other process or order to produce the information in another, unrelated legal proceeding, from a non-party to this action, the receiving party will notify counsel for the designating party of the subpoena or other process or order, furnish counsel for the designating party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected. The designating party has the burden of defending against the subpoena, process or order. The receiving party receiving the subpoena or other process or order is entitled to comply with it except to the extent the designating party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

13.     **Declassification**. A Party (or an aggrieved person or entity permitted by the Court to intervene for such purpose) may file a motion seeking a Court order that a document or documents stamped as confidential are not entitled to be treated as Confidential Matter. The person or entity that

designated the document(s) as "CONFIDENTIAL" shall be given notice and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

14.    **Return of Confidential Matter**. Within twenty-five (25) months after termination of this and any related action, including appeals and retrials, copies of all Confidential Matter shall either be destroyed, or upon request of Defendant's counsel (for documents produced by that Defendant) or Plaintiff's counsel (for documents produced by Plaintiff), returned to either Defendant or Plaintiff at that Party's expense. Counsel for the respective Party shall certify in writing upon request that such Confidential Matter has been destroyed or returned.

15.    **Scope of Order**. This Order applies only to pretrial proceedings in this action, including any pretrial appeals. Confidentiality rules, if any, covering the trial of this action will be set forth in a pretrial stipulation to be drafted by the Parties and submitted to the Court. In the event that the Parties are unable to stipulate as to the confidentiality rules, the Court will set forth the confidentiality rules to protect the Parties' interests.

16.    **No Admissions**. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this action. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

17.    **Settlement, Judgment, or Other Disposition**. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain jurisdiction in order to enforce the terms of this Order after final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal. Following such final termination, each Party or other person subject to the terms of this Order shall

be under an obligation to return or destroy all documents containing information designated as Confidential Matter and all copies, extracts, and summaries.

18.   **Party's Own Use.**   This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Matter.

19.   **HIPAA Documents**.   Documents that contain personal health information as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") may be subject to discovery in this case, and may be produced just like any other document. However, the Party receiving documents that contain such personal health information that falls under HIPAA shall not disseminate such documents to a third party (unless in trial or in deposition), and shall redact such documents so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in the public court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December 2024.

PATRICK M. HUNT
United States Magistrate Judge

Copies furnished to:

The Honorable William P. Dimitrouleas
Counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC, a Florida limited
liability company, and JACOB GITMAN,

        Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a
foreign profit corporation,

        Defendant.

_____/

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

        THE UNDERSIGNED has read and understands the terms of the Protective Order Governing

Discovery of Confidential Information, and has been designated by _____

[INSERT NAME OF PARTY] as an Authorized Person under the terms of the Order. I agree to be

bound by the terms of the Protective Order Governing Discovery of Confidential Information.

        Signature: _____

        Print Name: _____

        Date Signed: _____

-10-