UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-62159-CIV-DIMITROULEAS/HUNT

SINAI HOLDINGS, LLC,
and JACOB GITMAN,

                Plaintiffs,

vs.

JPMORGAN CHASE BANK, N.A.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendant's Motion for Bill of Costs ("Motion"). ECF No. 239. The Honorable William P. Dimitrouleas referred the instant Motion to the undersigned for appropriate disposition. ECF No. 240; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having carefully reviewed the Motion, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends the Motion be GRANTED IN PART and DENIED IN PART for the reasons outlined below.

### BACKGROUND

Defendant JP Morgan Chase Bank, N.A. ("Defendant") prevailed on summary judgment against Plaintiffs Sinai Holdings, LLC, and Jacob Gitman (collectively, "Plaintiffs") in this action. ECF No. 237. Following entry of a final judgment in its favor, ECF No. 238, Defendant seeks costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, S.D. Fla. L.R. 7.3(c), and 28 U.S.C. § 1920. ECF No. 239. Plaintiffs oppose the Motion, arguing that Defendant is not entitled to certain costs and disputing

the overall amount of the award.  ECF No. 245.  In reply to the Motion, Defendant withdrew various deposition, exhibit, and witness costs, reducing the total amount of its request by $5,581.59.  ECF No. 246.  Now, as reduced, Defendant seeks an award of $56,047.48 in costs recoverable under 28 U.S.C. § 1920, consisting of:

- $54,857.48 for deposition and transcripts costs
- $600.00 for *pro hac vice* applications
- $590.00 for service of third-party subpoenas

*See* ECF No. 246-1.

## DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome."  *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  The Court may tax costs for the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The burden is initially on the prevailing party to "submit[] a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses."  *Katz v. Chevaldina*, 127 F. Supp.

3d 1285, 1292 (S.D. Fla. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)).   But in challenging those costs, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party."  *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).  A court "must have and state a sound basis" for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

### A.  Entitlement to Costs

As an initial matter, Plaintiffs argue that Defendant "did not meet its initial burden to show entitlement to cost."  ECF No. 249 at 3.  Plaintiffs contend that Defendant did not sufficiently explain all of its costs incurred, either at the pre-filing conferral stage or in the Motion before the Court.[1]  Further, Plaintiffs argue that Defendant impermissibly raised new arguments in its reply memorandum by suddenly withdrawing various costs.

The fact that Defendant withdrew certain costs at the reply stage does not mean that it failed its initial burden "of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses."  *Katz*, 127 F. Supp. 3d at 1292.  While the belated withdrawal

---

[1] As to Plaintiffs' argument that Defendant failed to "meaningfully confer" prior to filing the instant Motion, the undersigned finds that conferral was adequate.  Had Defendant failed to include any certification of good-faith conferral, that would be grounds for denial based on failure to comply with the Local Rules.  *See* S.D. Fla. L.R. 7.1(a)(3).  But here, Defendant represents that it conferred with Plaintiffs on at least two occasions, and Plaintiffs do not refute that representation.  The conferral requirement was satisfied.

of certain costs may have been onerous for Plaintiffs because it mooted parts of their response memorandum, Defendant's withdrawal of costs ultimately benefits both sides. More importantly, Plaintiffs were not prejudiced by Defendant's updated cost request because this Court gave Plaintiffs an opportunity to respond through a sur-reply.  *See Ramones v. AR Res., Inc.*, No. 19-62949-CIV-SCOLA/SEITZ, 2022 WL 1443062, at *6 (S.D. Fla. May 6, 2022) (finding that defendant was not prejudiced by a late-filed memorandum and accepting plaintiff's withdrawn request for certain nondocumented costs).  Further, Defendant's Motion is supported by multiple invoices, emails, charts, and other exhibits—none of which are objected to.  Thus, Defendant adequately carried its initial burden in showing entitlement to costs as a prevailing party.

## B.  Amount of Costs

The parties dispute the amount of costs.  "In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs."  *Conley v. Vacanti*, No. 23-60384-CIV-SINGHAL/REINHART, 2026 WL 177595, at *2 (S.D. Fla. Jan. 22, 2026), *report and recommendation adopted*, No. 23-60384-CIV-SINGHAL/REINHART, 2026 WL 923346 (S.D. Fla. Apr. 6, 2026).  "The Court has an independent obligation to ensure that the fees are reasonable, and costs awarded are proper."  *Id.* (citing *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)).

### 1.  Transcript Costs

Defendant seeks $54,857.48 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Plaintiffs do not object to court reporter attendance fees and original transcript costs, which sum to $22,855.45.  Those undisputed costs shall be awarded.  Plaintiffs do, however, dispute

4

costs for (a) miscellaneous deposition fees, (b) exhibit costs, (c) video deposition costs, and (d) expedited and rough transcripts costs.

"The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000) (internal quotation and citation omitted). "Necessity is assessed as of the time the deposition was taken, need only reasonably have appeared necessary then, and the challenging party bears the burden of showing the deposition was unrelated to an issue in the case." *Harrington v. Veritext, LLC*, No. 24-22787-CIV-ELFENBEIN, 2026 WL 2065076, at *6 (S.D. Fla. July 17, 2026). "Depositions costs that are merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, are not recoverable." *Baer's Furniture Co. v. Comcast Cable Commc'ns Mgmt. LLC*, No. 20-61815-CIV-CANNON/HUNT, 2023 WL 1781818, at *3 (S.D. Fla. Jan. 17, 2023), *report and recommendation adopted*, No. 20-61815-CIV-CANNON/HUNT, 2023 WL 1778551 (S.D. Fla. Feb. 6, 2023). "For example, additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel." *Id.*

### a.  Miscellaneous Deposition Fees

Defendant seeks to recover $2,394.00 for "Secure Hosting & Delivery of Veritext File Suite" and $1,206.00 for "Transcript - Supplemental Surcharges." ECF Nos. 245 at 4; 239-4. Defendant states that the "Secure Hosting & Delivery of Veritext File Suite" fee is "a standard fee applied for the secure delivery of the transcript and secure storage of

5

the file on the Veritext platform for download." ECF No. 246 at 4. The "Transcript – Supplemental Surcharges" fee is "a standard surcharge applied in expert witness cases." *Id.* Plaintiffs challenge these fees as unnecessary.

Typically, "shipping and handling fees are not recoverable under § 1920," even when such costs are "automatically imposed by the transcription companies as a requirement for obtaining the transcripts." *Regueiro v. Am. Airlines Inc.*, No. 19-23965-CIV-MARTINEZ/LOUIS, 2024 WL 945263, at *7 (S.D. Fla. Feb. 7, 2024) (disallowing costs for "Transcript Handling and Processing" and "Electronic Delivery and Handling Fees"), *report and recommendation adopted*, No. 19-23965-CIV-MARTINEZ/LOUIS, 2024 WL 942105 (S.D. Fla. Mar. 5, 2024). These two "extraneous" costs associated with depositions should be disallowed as unnecessary. *Katz*, 127 F. Supp. 3d at 1293. Thus, Defendant's request should be reduced by $3,600.00 for miscellaneous deposition fees.

### b. Exhibit Costs

Defendant seeks to recover $1,291.10 in exhibit-related costs, which include various copying costs. ECF Nos. 245 at 6; 239 at 6; 239-4. "Costs for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party." *Feise v. N. Broward Hosp. Dist.*, No. 14-61556-CIV-BLOOM, 2017 WL 3315144, at *2 (S.D. Fla. Aug. 3, 2017) (citation omitted). On the other hand, "costs incurred by the prevailing party are generally not recoverable unless the moving party can demonstrate that the items were necessary and not merely ordered for the convenience of counsel." *Id.* (internal quotation and citation omitted). Both parties cite to cases supporting the contention that Defendant may be able to recover costs for depositions noticed by Plaintiffs but not its own depositions. *See Regueiro*, 2024 WL 945263, at *5 (awarding $2,208.70 to defendant in

exhibit costs associated with depositions noticed by plaintiff, but disallowing $402.00 in exhibit costs associated with depositions noticed by defendant).  Yet Defendant makes no effort to explain which costs are associated with Plaintiff-side depositions and which costs stem from Defendant-side depositions; Defendant only points out that Plaintiffs noticed ten out of eighteen depositions.  Given Defendant's failure to explain how much of the requested exhibit fees were incurred during depositions noticed by the opposing party, Defendant has not met its burden "of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses."  *Katz*, 127 F. Supp. 3d at 1292.  Thus, Defendant's cost request should be reduced by $1,291.10 in exhibit costs.

### c.  Video Deposition Costs

Defendant seeks $8,972.50 in costs for eight video depositions.  ECF No. 246 at 8.  Plaintiffs object, arguing that Defendants have not shown why both video and stenographic recording was necessary.  Defendant argues that video recordings were necessary to "preserve demeanor evidence" and "ensure trial-quality testimony" of out-of-state witnesses, some of whom are "beyond the Court's subpoena power for trial." ECF No. 246 at 7.  Defendant further contends that it videotaped depositions to ultimately allow a fact-finder to "view how witnesses interacted with complex documents and demonstratives."  *Id.* at 8.  As to the deposition of Mr. Gitman—a named Plaintiff in this action—Defendant argues that it was necessary to videotape his deposition because he "was the most important witness in this case and his credibility was at issue."  *Id.*

"[When a party notices a deposition and no objection is raised as to the method of recordation, a court can award the cost of conducting the deposition in the manner

noticed." *Tikiz Franchising, LLC v. Kona Ice, Inc.*, No. 18-60237-CIV-MOORE/LOUIS, 2025 WL 3297809, at *4 (S.D. Fla. Aug. 1, 2025) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012)), *report and recommendation adopted*, No. 18-60237-CIV-MOORE/LOUIS, 2025 WL 3297598 (S.D. Fla. Aug. 19, 2025). However, "[i]n order for a video deposition to be taxable[,] the prevailing party must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case." *Ow Buland v. NCL (Bahamas) Ltd.*, No. 17-24167-CIV-HUCK/MCALILEY, 2019 WL 2254829, at *2 (S.D. Fla. Apr. 29, 2019), *report and recommendation adopted*, No. 17-24167-CIV-HUCK/MCALILEY, 2019 WL 2254703 (S.D. Fla. May 20, 2019). It is not appropriate to award these costs where the moving party has provided "no explanation" whatsoever as to why both transcripts and video recordings of depositions are necessary. *Sarabeth Witbart v. Mandara Spa Haw., LLC*, No. 18-21768-CIV-GAYLES/OTAZO-REYES, 2022 WL 1241439, at *4 (S.D. Fla. Apr. 12, 2022).

By explaining its desire to preserve demeanor evidence for trial, especially for witnesses that are outside the Court's subpoena power, Defendant adequately demonstrated the necessity of video depositions. *See Birren v. Royal Caribbean Cruises Ltd.*, No. 20-22783-CIV-BLOOM/LOUIS, 2022 WL 6776362, at *6 (S.D. Fla. Sept. 15, 2022) (finding that plaintiff is entitled to tax the cost of videorecorded deposition where plaintiff planned "to show the jury his demeanor and facial expressions"), *report and recommendation adopted*, No. 20-22783-CIV-BLOOM/LOUIS, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022); *see also Castillo v. Roche Lab'ys, Inc.*, No. 10-20876-CIV-SEITZ/SIMONTON, 2012 WL 381200, at *4 (S.D. Fla. Feb. 6, 2012) (awarding $5,503.79 in video recording costs where movant explained that it was "unknown" whether "key

witness" would testify at trial because he "lives outside of the Court's subpoena power").

Also, though Plaintiffs were able to object to videorecording at the time the depositions

occurred, it appears that they did not do so. Defendant should be allowed to tax the costs

of video depositions in the amount of $8,972.50.[2]

### d. Expedited and Rough Transcript Costs

Defendant seeks $17,802.83 in expedited and rough transcript costs. ECF Nos.

245 at 10; 239-4. Plaintiffs object, suggesting at least a partial reduction of Defendant's

expedited costs. Plaintiffs propose that expedited costs should not be awarded for

depositions taken thirty days or more before the substantive pretrial motions deadline

because it was not "necessary" to expedite a transcript at that point. ECF No. 245 at 10.

To that end, Plaintiffs argue that $15,611.82 in expedited and rough transcript costs

should be denied. *Id.*

Defendant opposes Plaintiff's proposition of applying a "bright-line 30-day rule."

ECF No. 246 at 9. Defendant argues that it was necessary to rush transcript production

for at least six depositions that were taken within thirty-eight to forty-one days of the

summary judgment deadline. Further, Defendant argues that the other depositions were

rushed to accommodate various discovery deadlines, such as a rebuttal expert report

deadline, and that "[w]hile [Defendant] in good faith attempted to schedule those

depositions within the close of discovery at the time, scheduling and personal conflicts

arose with the witnesses and the parties tried to accommodate." *Id.*

---

[2] In an exhibit supporting the Motion, Defendant lists video fees totaling $11,177.50. ECF No. 239-2 at 4. Yet in its reply memorandum, Defendant represents the total for video costs to be $8,972.50. ECF No. 246 at 8. The undersigned uses the latter number and considers any other video fees request to be withdrawn.

"Regarding . . . expedited transcripts, such expenses are typically solely for the convenience of counsel." *Baer's Furniture Co.*, 2023 WL 1781818, at *3. In this District, "courts have previously found that costs for expedited transcripts may only be deemed necessary and therefore, recoverable, when they were requested 'within 30 days of the start of trial', or within 30 days before the cut off for pretrial motions and memoranda, not the close of discovery." *Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV-BLOOM/OTAZO-REYES, 2023 WL 2140476, at *3 (S.D. Fla. Feb. 2, 2023), *report and recommendation adopted sub nom. De Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV-BLOOM/OTAZO-REYES, 2023 WL 2137410 (S.D. Fla. Feb. 21, 2023).

Earlier in this case, the substantive pretrial motion deadline was set for August 11, 2025. ECF No. 38. While litigating various discovery disputes, *see* ECF Nos. 83, 134, 152, the parties deposed most of their witnesses in the summer of 2025. Defendants represent that, at that time, it was "operating under the impression that summary judgment was only weeks away and expedited orders were therefore necessary." ECF No. 246 at 9. On July 31, 2025, this Court extended the discovery cut-off to August 13, 2025, and the substantive pretrial motion deadline to September 12, 2025. ECF No. 174.

During most of the discovery period in this case, the parties knew that the substantive pretrial motion deadline was August 11, 2025. While the undersigned appreciates Defendant's efforts in accommodating various "scheduling and personal conflicts," those accommodations should be made through professionalism and goodwill, not cost-shifting to Plaintiffs. The undersigned agrees with Plaintiffs that, in these circumstances, depositions taken more than thirty days before August 11 did not necessitate expedited fees. Likewise, it was not necessary to expedite transcript

10

production for depositions taken after July 31, 2025, which is the date that the Court extended pretrial deadlines.  Therefore, this Court should not award expedited or rough draft transcript fees for any depositions taken before July 11, 2025, or after July 31, 2025—which is a denial of $15,638.82—because those costs were for the convenience of counsel.  Expedited costs for depositions taking place close to the August 11 deadline, however, are recoverable for a total of $2,164.01.

| Job Date | Deponent Name | Priority Cost ($) | Rough Draft Cost ($) | Award ($) |
|---|---|---|---|---|
| 5/28/2025 | Scott Hitt | N/A | 935.00 | 0.00 |
| 5/29/2025 | Allen Licht | N/A | 570.00 | 0.00 |
| 6/5/2025 | Lisa Wheeler | N/A | 650.00 | 0.00 |
| 6/12/2025 | Anthony Lauro | 1,181.50 | 695.00 | 0.00 |
| 6/12/2025 | Allen Licht, II | 898.20 | 450.00 | 0.00 |
| 6/18/2025 | Kelly Hoffman Mouton | 1,132.56 | 605.00 | 0.00 |
| 6/30/2025 | Jacob Gitman | 2,052.96 | 840.00 | 0.00 |
| 7/1/2025 | Gayathri Vasudev | 671.58 | N/A | 0.00 |
| 7/2/2025 | Robert Flores | 1,661.92 | 680.00 | 0.00 |
| 7/3/2025 | Ekatrina Poroshkina | 1,153.46 | 385.00 | 0.00 |
| 7/3/2025 | Galina Solomovich | 644.14 | 215.00 | 0.00 |
| 7/23/2025 | Phillip Schecter | 1,611.77 | N/A | 1,611.77 |
| 7/24/2025 | Kiat Seng Lim | N/A | 552.24 | 552.24 |
| 8/5/2025 | Gene Deetz | N/A | 217.50 | 0.00 |
| *Sub-totals* | | 11,008.09 | 6,794.74 | |
| **TOTAL EXPEDITED COST** | | | 17,802.83 | **2,164.01** |

Defendant should be awarded $22,855.45 for unobjected-to court reporter attendance fees and original transcript costs; $8,972.50 for video deposition fees; and $2,164.01 for expedited and rough draft transcript fees.  That is a subtotal of $33,991.96 for transcript costs under 28 U.S.C. § 1920(2).

11

### 2.  *Pro Hac Vice* Costs

Defendant seeks $600.00 in costs for three *pro hac vice* applications.  ECF No. 239-2 at 3.   Defendant notes that there is a "District split" on whether *pro hac vice* application costs are recoverable.  ECF No. 246 at 2.  "Courts in this district have . . . begun to recognize pro hac vice application fees as taxable."  *Fid. Warranty Servs., Inc. v. Six M's II, LLC*, No. 24-61760-CIV-DIMITROULEAS/HUNT, 2025 WL 2663015, at *1 (S.D. Fla. Sept. 2, 2025) (recommending award of $650.00 for *pro hac vice* admissions), *report and recommendation adopted*, No. 24-61760-CIV-DIMITROULEAS/HUNT, 2025 WL 2659683 (S.D. Fla. Sept. 17, 2025); *see Hamilton v. Sikorsky Aircraft Corp.*, No. 17-80289-CIV-ROSENBERG, 2019 WL 8641131, at *1 (S.D. Fla. Mar. 21, 2019) (finding that $75.00 *pro hac vice* fee was "reasonable" and "compensable").  Defendant should be awarded $600.00 for *pro hac vice* costs as fees of the clerk under 28 U.S.C. § 1920(1).

### 3.  Service of Process Costs

Defendant seeks $590.00 in private process server fees, which were accumulated while serving ten third-party subpoenas.  ECF No. 239-2.  Defendant seeks between $35.00 and $65.00 for each subpoena.  ECF Nos. 239-2 at 6; 239-7.  Plaintiffs object, arguing that the subpoenas were unnecessary because "the material obtained from [Defendant's] third-party subpoenas for documents was not explicitly referenced in [Defendant's] summary judgment motion."  ECF No. 245 at 15.

The costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920.  However, when a Plaintiff uses a private process server such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service."  *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000).  The current

rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Declining to use documents obtained through a subpoena does not mean that the subpoena was unnecessary for costs purposes. *See Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012) (awarding costs for witness subpoenas, although witnesses were later not called at trial, because litigants "have the latitude to subpoena witnesses and subsequently decline to call them at trial"). At any rate, Defendant argues that the subpoenas were "reasonably necessary at the time" because they sought "records directly bearing on Plaintiffs' claims of defamation," ECF No. 246 at 10, and Plaintiffs do not successfully counter that argument. Plaintiffs fail to meet their burden in demonstrating how these costs are not taxable. *See Monelus*, 609 F. Supp. 2d at 1333. Defendant should be awarded $590.00 for service fees under 28 U.S.C. § 1920(1).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 239, be GRANTED IN PART to the extent that that Defendant be awarded $33,991.96 in transcript fees, $600.00 in *pro hac vice* admission fees, and $590.00 in service fees for a total costs award of $35,181.96.  The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 24th day of July 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record

14